HARRY G. SNOW v. STATE.

No. A-92.   Opinion Filed December 11. 1909.

(105 Pac. 575.)

1.  GAME—Violation of Game Law—Possession of Quail—Intent—
    Evidence. In a prosecution for violation of section 3. c. 15, p.
    168, Sess. Laws 1903, the intent or purpose of the defendant in
    having possession of quail was material, and it was error for
    the court to refuse to permit the defendant, testifying in his
    own behalf, to state his intention and purpose with regard to
    the possession.

2.  GAME—Possession of as Offense—Instructions. It was error
    for the court to instruct the jury in this case that possession
    alone was sufficient to warrant a conviction.

3.  SAME—An instruction to the effect that possession of a large
    quantity of quail would be unlawful and would authorize the
    conviction in this case was not authorized by the statute under
    which the prosecution was had.

(Syllabus by the Court.)

*Error from Blaine County Court; E. L. Hotchkiss, Judge pro tem.*

Harry G. Snow was convicted of a violation of the game law, and brings error. Reversed.

On the 25th day of January, 1908, the defendant was charged by information filed in the county court of Blaine county, Okla., with a violation of the game law, by having quail in his possession for the purpose of transportation. The defendant was tried and convicted and was sentenced to pay a fine in the sum of $100 and

costs of the prosecution, including an attorney fee of $50 for the county attorney. Motion for new trial filed and overruled, and exceptions saved, and the case is before us on case-made.

*I. H. Lookabough,* for plaintiff in error.

*Charles West,* Atty. Gen., and *Chas. L. Moore,* Asst. Atty. Gen., for the State.

OWEN, JUDGE (after stating the facts as above). The statute under which the prosecution was had in this case is as follows:

"Any agent, servant, or employe of any railroad or express company, or common carrier, or private individual who shall have or receive for transportation or carriage any of the birds or animals mentioned in section one of this act, shall be deemed guilty of a misdemeanor, and upon conviction thereof, shall be fined in any sum not less than one hundred, nor more than five hundred dollars, and all costs incurred therein, and one-half of said fine shall go to the informer of said violation of said law, and there shall be taxed as costs in said cause a fee of fifty dollars to go to the county attorney prosecuting the same." (Section 3, c. 15, p. 168, Sess. Laws 1903.)

The information filed in this case charges that the defendant "did then and there, unlawfully, willfully, intentionally, knowingly, wantonly, maliciously have for transportation and carriage, and did then and there transport, certain insectiverous birds, to wit, quail, contrary to the form of statute in such case made and provided and against the peace and dignity of the state of Oklahoma."

The proof in this case is: That the defendant lived in Canadian county; that he had signed a bond as surety which had been filed in Blaine county; that he received a message to the effect that he must appear in person before the clerk of the court in Blaine county to qualify on the bond; that he left home in a wagon, accompanied by two of his neighbors, to go to the county seat of Blaine county for the purpose of qualifying on the bond; that each of them had a gun and a bird dog; that in traveling across the country they shot quail; that they cooked and ate some in camping on their way; that they sold 15; that they had 42 in the wagon

when they arrived in Watonga, the county seat of Blaine county; that, while the defendant was in the courthouse qualifying on the bond, the sheriff of the county discovered the quail in the wagon, which was at that time in a wagon yard, and this prosecution followed.

There was no conflict in the testimony. The sale of the 15 quail was in Canadian county, and in the prosecution in this case the defendant was not charged with selling. There was no proof that he had in fact transported any of the quail, other than hauling them in his wagon on his way to Watonga. The following appears in the record as part of the testimony of the defendant:

"Q. You may state what you had these quail in the wagon for. A. For the purpose of eating. Q. For any other purpose? A. No other purpose. Q. You may state whether or not you had these quail for the purpose of transporting them from one place to another, with a view of marketing them in violation of the game law. (Objected to as irrelevant, incompetent, and immaterial. Objection sustained by the court, to which ruling the defendant then and there excepted.)"

The charge in this case was that the defendant "did have for transportation, certain insectiverous birds, to wit, quail, contrary to the form of statute in such case made and provided, and against the peace and dignity of the state of Oklahoma," and, since there was no proof offered to the effect that he did transport the birds, we are at a loss to understand upon what theory the trial court excluded this testimony. Under the statute the defendant would undoubtedly have the right to transport the birds he killed from one place to another, for his own use. It would be unreasonable to say that the law contemplated that a man would cook and eat all the birds he killed on the spot where they were killed. True, the language of the statute is "have or receive for transportation or carriage any of the birds or animals mentioned in section 1 of this act," etc. To hold that that language forbids transporting or carrying from the place of killing to the place of residence or destination, where the birds are killed for one's own use, would be unreasonable.

The court permitted the defendant to say that he had these

birds in the wagon for the purpose of eating and for no other purpose. He was charged with having them for the purpose of transportation, contrary to the statute. Yet the court refused to permit him to answer the question, "You may state whether or not you had these quail for the purpose of transporting them from one place to another, with a view of marketing them in violation of the game law." The sole issue in this case was the purpose for which this defendant had these quail in his possession.

There is some evidence in the record that defendant or one of his associates had inquired as to a market for quail, which tends to prove that the defendant had the quail for the purpose of selling them in violation of the statute. It was error for the court to refuse to permit the defendant to answer the question as to whether he had the quail for the purpose of transportation and carriage with a view of marketing in violation of the law. Proof that the defendant and his associates violated the statutes in Canadian county by the sale of 15 quail does not warrant a conviction in this case. He was not charged in this case with selling. There is no rule of criminal law better settled than that you cannot convict a defendant of one crime by proving him guilty of another. The mere possession of the quail was not sufficient to warrant a conviction.

The second instruction given by the court was as follows:

"Second. You are further instructed that it is unlawful under the laws of the state of Oklahoma for a private individual to have or receive for transportation, or carriage, quail, and in relation thereto you are further instructed that if you find from the evidence, beyond a reasonable doubt, that the defendant in this case *did have in his possession in Blaine county, Okla.,* the said quail which he is charged with having for the purpose of unlawfully transporting or carrying the same, then in that event you should find the defendant guilty."

This, in effect, told the jury that possession was sufficient to warrant a conviction.

The third instruction is as follows:

"Third. You are further instructed that it is not unlawful for a person to have in his possession a reasonable number of

quail during the open season (which open season is from the 15th day of October to the 1st day of February in each year), and such person has a right to carry said birds for his or their own use."

There is no provision of this statute fixing the bag limit, and this instruction was improper. It would lead the jury to believe that possession of a greater number than they thought reasonable would be unlawful.

The verdict in this case was contrary to both the law and the evidence, and the motion to set the verdict aside should have been sustained.

The case is reversed, with directions to grant the defendant a new trial.

FURMAN, PRESIDING JUDGE, and DOYLE, JUDGE, concur.