## W. E. DE BYRUM v. STATE.

No. A-1559.   Opinion Filed May 24, 1913.

(132 Pac. 382.)

INTOXICATING LIQUORS — Unlawful Possession — Sufficiency of Evidence. For evidence held not to be sufficient to sustain a conviction for possession of intoxicating liquors with intent to sell the same, see opinion.

(Syllabus by the Court.)

*Appeal from Tulsa County Court;*
*N. J. Gubser, Judge.*

W. E. De Byrum was convicted of violating the prohibitory law, and he appeals. Reversed and remanded.

*Davidson & Williams,* for appellant.

*Smith C. Matson* and *Jos. L. Hull,* Asst. Attys. Gen., for the State.

FURMAN, J. In this case there is no conflict in the testimony. It was proven that one Walter Miller owned and operated a dance hall, known as the "Taneha Club," in Tulsa county, during the month of May, 1911, and that appellant was employed for the purpose of playing the piano in said dance hall; that on the night of the alleged offense the place was raided, and that appellant was found behind a bar; that behind this bar there was a cooler of ice water, and also a quantity of intoxicating liquors. It was also proven that appellant had gone behind the bar for the purpose of getting a drink of water, and that there was no other water in the room, except that behind the bar. There was no evidence that appellant had ever been in any manner connected with this intoxicating liquor. It was also proven that the proprietor of the place was in the building at the time of the raid.

The mere fact that appellant may have acted as musician in this clubhouse would not make him guilty of having intoxicating liquors in his possession with intent to sell the same simply because liquor was found behind the bar, where appellant had gone to get a drink of water, when it was proven, and not denied, that his sole purpose for going behind the bar was to get a drink of water, and where there was absolutely no testimony that he had ever been in any manner connected with the sale, or attempted sale, of such liquor.

The judgment of the lower court is therefore reversed, and the cause remanded for a new trial.

ARMSTRONG, P. J., and DOYLE, J., concur.