## L. C. COOPER v. STATE.

No. A-3376—Opinion Filed May 6, 1920.

(189 Pac. 366.)

(Syllabus.)

INTOXICATING LIQUORS—Unlawful Possession—Sufficiency of Evidence. A conviction for possession of two quarts of whisky with intent to sell the same cannot be sustained on evidence merely showing possession by defendant, at her home; the defendant's testimony being that she had the same for her own use.

*Appeal from County Court, Okmulgee County; Dudley C. Monk, Judge.*

L. C. Cooper was convicted of a violation of the prohibitory liquor law, and she appeals. Reversed.

*Beckett & Roland,* for plaintiff in error.

*W. C. Hall,* Asst. Atty. Gen., for the State.

DOYLE, P. J. The plaintiff in error was convicted in the county court of Okmulgee county on an information charging that she did have possession of two quarts of whisky with intent to sell the same, and in accordance with the verdict of the jury was sentenced to be confined in the county jail for 30 days and to pay a fine of $50. She has appealed from the judgment rendered upon such conviction.

No brief has been filed, and plaintiff in error is not represented in this court. The errors assigned question the sufficiency of the evidence to sustain the conviction.

The evidence on the part of the state is in substance as follows:

J. R. Throckmorton, deputy sheriff, testified that he had known the defendant three years; that she lived in a little two-room house on the East end of Fifth street, Okmulgee; that on the date alleged in serving a search warrant he searched her place and found two quarts of whisky.

Blaine Hill, deputy sheriff, testified that he assisted Mr. Throckmorton in searching the defendant's house, and they found two bottles of whisky.

As a witness in her own behalf, the defendant, a colored woman, testified that she had lived seven years in Okmulgee; that she took in washing for a living and named the families that she washed for; that her sister lived with her; that she had bought the whisky for her own use; that she had never sold whisky, and did not intend to sell any of this whisky.

When the state rested and again after the defendant testified, her counsel moved the court to advise the jury to return a verdict of acquittal, for the reason that the evidence is insufficient to support a verdict of guilty, which the court refused to do, and exceptions were reserved.

The testimony on the part of the state is insufficient to sustain the conviction. It shows only the possession of two quarts of whisky. There is no testimony in this case tending to show an intent to sell the same, and the defendant testified that the whisky was for her own use.

We are of the opinion that the verdict is not supported by the evidence. The judgment is therefore reversed.

ARMSTRONG and MATSON, JJ., concur.