## WES COSBY v. STATE.

No. A-4771.    Opinion Filed May 9, 1925.
(236 Pac. 51.)

(Syllabus.)

1. Appeal and Error—Intoxicating Liquors—Proof of Possession of Prohibited Quantity of Liquor Sufficient to Submit to Jury—Sufficiency of Evidence to Rebut Evidence of Possession of Liquor or Intent a Matter of Fact for Jury, and, Ordinarily, Verdict not Disturbed Because of Insufficiency. Where an accused is charged with having possession of the prohibited quantity of intoxicating liquors with intent to sell, proof of the possession of such prohibited quantity is sufficient to submit to the jury under the prima facie evidence rule, and where the possession or the intent, coupled with possession, is sought to be rebutted or disproved, the question of the sufficiency of the evidence is a matter of fact for the jury, and, in the absence of unusual circumstances, will not be disturbed because of insufficiency.

2. Evidence—Refusal to Permit One Accused of Possession of Liquor with Intent to Sell to Testify as to Intent Held Error. Where a defendant is charged with having possession of a prohibited quantity of intoxicating liquors with intent to sell, such defendant is a competent witness to testify what his intent was, and it is error to refuse to permit him to do so.

3. Trial—Ordering Accused's Witness Arrested in Presence of Jury Held Error. A trial judge should refrain from any act of expression indicating his opinion upon any matter of fact occurring upon the trial, or his opinion of the credibility or probity of any witness testifying in the case.

Appeal from County Court, Ottawa County; Wm. M. Thomas, Judge.

Wes Cosby was convicted of possession of intoxicating liquors, and appeals. Reversed and remanded.

A. W. Turner, for plaintiff in error.

George F. Short, Atty. Gen., and Leon S. Hirsh, Asst. Atty. Gen., for the State.

EDWARDS, J.   The plaintiff in error was convicted in the county court of Ottawa county on a charge of having

possession of intoxicating liquors with intent to sell, and appeals.

He assigns as error the following: First, insufficiency of the evidence to support the verdict; second, errors of law occurring at the trial; third, error of the court in refusing requested instructions of plaintiff in error. These will be considered in their order.

The evidence on the part of the state is very brief. It shows that the sheriff and a deputy with a search warrant went to the place of residence of the plaintiff in error and found two one-gallon jugs of whisky. The plaintiff in error stated that he had bought the whisky.

The plaintiff in error testified that he bought one gallon of whisky for his personal use; that he had never sold whisky; that a day or two prior to the trial Ed Wheeler came by his place with a truck going to Seneca, Mo., and he went with him, and at Seneca some person gave plaintiff in error and Wheeler a drink of whisky, and they then each engaged to buy a gallon from him to be delivered at the plaintiff in error's home; that the next day it was delivered, and plaintiff in error paid $6 for one gallon; the other belonged to Ed Wheeler and was left for him there. Ed Wheeler was called as a witness and corroborated the testimony of the plaintiff in error, and one Luther Sullivan was also called as a witness and corroborated him in part.

The statute in force at the time of the offense charged, section 6999, Comp. St. 1921, provides:

"* * * Or the keeping in excess of one gallon of spirituous, or one gallon of vinous * * liquors * * shall be prima facie evidence of an intention to convey, sell, or otherwise dispose of such liquors. * * *"

This section was amended by the Session Laws of 1923-24, chapter 123, changing the amount permitted to

be had from one gallon to one quart, and making other changes in the act.

The plaintiff in error argues that the proof of possession of the prohibited quantity of intoxicating liquors with the prima facie presumption is not sufficient to warrant a conviction, where an explanation of such possession is made by an accused; that this statutory presumption conflicts with the presumption of innocence, and the presumption of innocence should prevail. Under the provisions of section 6999, supra, declaring that the keeping in excess of a certain amount of intoxicating liquors shall be prima facie evidence of an intention to convey, sell, or otherwise dispose of such liquors, evidence of possession of the prohibited quantity is sufficient to carry the case to the jury as a question of fact, unless such intent be rebutted or the contrary proven. Where possession of the prohibited quantity is proven, then ipso facto prima facie evidence of an intent to violate the prohibitory law is proven. A jury, however, is not required to convict upon such evidence of possession aided by the presumption, whether rebutted or not. It may, notwithstanding proof of possession of the prohibited quantity of intoxicating liquors, aided by the presumption, still not be satisfied beyond a reasonable doubt of the intent of the accused to violate the law. It has liberty of action, and if from such evidence and presumption the jury is satisfied beyond a reasonable doubt of the defendant's guilt of the charge, it may so say, and in the absence of unusual circumstances the evidence will be sufficient. When such proof of possession or the prima facie intent created thereby is rebutted or attempted to be rebutted or explained by an accused, the evidence of possession and the prima facie presumption of intent, with the evidence offered by the accused in explanation or rebutting the possession or intent, all goes to the jury as a question of fact for their determination, and when a verdict of guilt in such case is returned, the verdict of the jury will not be set aside

on the ground of insufficient evidence, unless some unusual circumstances warrant it.

The presumption defined by the Legislature in section 6999, supra, and its application and weight have been considered by this court in a number of opinions. See Havill v. State, 11 Okla. Cr. 483, 148 P. 683; Caffee v. State, 11 Okla. Cr. 485, 148 P. 680; Wilson v. State, 11 Okla. Cr. 510, 148 P. 823; Sellers v. State, 11 Okla. Cr. 588, 149 P. 1071.

In this case the jury heard the evidence, observed the witnesses, and were in a position to determine the weight and credibility which should be given their testimony. The verdict will not be disturbed for insufficiency of the evidence.

Upon the second assignment, the record discloses that during the course of the trial the plaintiff in error testified in his own behalf as follows:

"Q. I will ask you for what purpose you bought that liquor? A. Why, I bought it to drink.

"Q. State to this jury whether or not you have ever engaged in selling any liquor? A. No, sir.

"Q. State to this jury whether or not you intended to sell any part or portion of this liquor."

To which latter question an objection was interposed and sustained and exceptions taken.

To constitute the offense charged, two things were essential: The possession of the prohibited quantity of intoxicating liquor, and an intent to sell, barter, or give away. The defendant had the right to rebut the intent as well as the possession. 8 R. C. L. § 174, p. 181, states the general rule thus:

"When the motive or intent of one accused of a crime, in performing a particular act, becomes a material issue in a cause, or reflects important light upon such issue, he may himself be sworn in regard to it."

In the case of Snow v. State, 3 Okla. Cr. 291, 105 P. 575, being a case wherein accused was charged with having possession of quail with the intent to transport, he was asked:

"Q. You may state whether or not you had these quail for the purpose of transporting them from one place to another with the view of marketing them in violation of the game law."

An objection was sustained by the court, which was held reversible error. The court, in syllabus 1, held:

"* * * The intent or purpose of the defendant in having possession of quail was material, and it was error for the court to refuse to permit the defendant, testifying in his own behalf, to state his intention and purpose with regard to the possession."

Such, indeed, is the general rule, and the sustaining of the objection to the question as to the intent with which plaintiff in error had possession of the intoxicating liquor was prejudicial error.

During the course of the trial, the plaintiff in error called Ed Wheeler as a witness in his behalf, who testified that one of the jugs of whisky belonged to him, whereupon the court, in the presence of the jury, ordered the sheriff to take charge of the witness and the county attorney to file a complaint against him. Defendant excepted, and the court thereupon admonished the jury not to consider anything he had said with reference to having the witness arrested. This proceeding could not have resulted otherwise than to convey to the jury the opinion that the court strongly disapproved of the conduct of the witness, and may have influenced the jury in its verdict. The jury generally regard a presiding judge under whom they serve with great respect and give much weight to his opinions or views if by chance they should come to their knowledge. A judge should, therefore, be particularly circumspect in his con-

duct and in the proceedings before him that no intimation of his opinion of the facts presented or the credibility or character of a witness should be made in their presence. There would seem to be no need for an order to arrest the witness in question in the presence of the jury, and to do so was prejudicial to the rights of plaintiff in error. Reed v. State, 5 Okla. Cr. 365, 114 P. 1114.

We have examined the other assignments of error presented and find nothing in them calling for comment.

For the errors pointed out, the case is reversed and remanded.

BESSEY, P. J. and DOYLE, J., concur.