## J. E. MAY v. STATE.

No. A-4897.   Opinion Filed July 18, 1925.
Rehearing Denied Sept. 19, 1925.
(238 Pac. 1003.)

H. J. Sturgis, for plaintiff in error.

Geo. F. Short, Atty. Gen., and Fred Hansen, Asst. Atty. Gen., for the State.

EDWARDS, J.   For brevity and convenience, the plaintiff in error will be referred to as defendant, as in the court below.

From a conviction on a charge of violating the prohibitory law, the defendant appeals.   The petition in error contains various assignments, two only of which are dis-

cussed in the briefs, and these, in effect, question only the sufficiency of the evidence to sustain the verdict and judgment. The evidence shows that certain officers went to the premises of the defendant with a search warrant, and after giving him a copy inquired if he had any whisky there. After some hesitation, defendant answered "No," but soon called the sheriff aside and told him there was some whisky near the barn; that the night before a stranger whose name he did not know had asked to leave it there; that he had refused permission, but had later found it there. He then showed the officers a sack in which there were 3 one-half gallon bottles and a quart bottle of whisky. A 50-gallon barrel containing some corn mash was found in the shed or granary near the barn, covered over with hay. On analysis the mash was found to contain 3.4 per cent. of alcohol; the whisky in the bottles was found to contain 36.6 per cent. of alcohol. An oil burner with pipe connections attached, some lead pipe, a boiler top, showing to have been soldered onto a boiler with a hole in the top, a dome apparently from the top of the still with a hole for a lead-off pipe, were all found in the premises. As stated, the defendant claims the sack containing the whisky had been left there the night before. The state offered evidence that when the sack was lifted from the ground the grass underneath had turned white. The defendant explained the presence of the mash as a preparation for feeding hogs, and earnestly contends that the evidence is not sufficient to sustain the verdict, citing Ren v. State, 9 Okla. Cr. 671, 132 P. 1131; De Byrum v. State, 9 Okla. Cr. 448, 132 P. 382; Silva v. State, 11 Okla. Cr. 12, 141 P. 235; Ward v. State, 15 Okla. Cr. 61, 175 P. 60; Cooper v. State, 17 Okla. Cr. 413, 189 P. 366.

To sustain a conviction for having possession of intoxicating liquor with intent to violate the prohibitory liquor law, there must be evidence to prove both possession and criminal intent. The possession of more than one

quart is prima facie evidence of intent to violate the law, and with the surrounding circumstances was sufficient to go to the jury. In Cosby v. State, 30 Okla. Cr. 294, 236 P. 51, it is held:

"Where an accused is charged with having possession of the prohibited quantity of intoxicating liquors with intent to sell, proof of the possession of such prohibited quantity is sufficient to submit to the jury under the prima facie evidence rule, and where the possession or the intent, coupled with possession, is sought to be rebutted or disproved, the question of the sufficiency of the evidence is a matter of fact for the jury, and, in the absence of unusual circumstances will not be disturbed because of insufficiency."

It was for the jury to say whether or not the explanation of the defendant of his possession was reasonable and sufficient to rebut the presumption arising from possession, and they must have disbelieved his explanation, drawing on their common sense that the grass under a covering will not turn white in a single night. They must also have viewed with incredulity the explanation that some mysterious stranger, whose name the defendant did not know, came to his premises the night before and asked permission to deposit whisky, and although permission was refused left it there. Such explanation does not seem reasonable to us, and must have struck the jury in the same light.

Following the well-settled rule of this court a conviction upon the ground of insufficiency of the evidence will not be reversed where there is evidence from which the jury could rationally and logically conclude that the defendant was guilty.

The case is affirmed.

BESSEY, P. J., and DOYLE, J., concur.