HARRY McCOY v. STATE.

No. A-4858. Opinion Filed July 23, 1925.
(238 Pac. 223.)

John L. Ward, for plaintiff in error.

EDWARDS, J. The plaintiff in error will be referred to as defendant, as in the court below. From a conviction on a charge of unlawful possession of intoxicating liquors, the defendant has appealed, setting out various assignments of error challenging the constitutionality of the act by which the municipal criminal court was created, and assigning error of the court in trying the case to a jury after the defendant had expressly waived a jury. These matters have been decided adversely to the contentions of the defendant, and it is not necessary that we again review them. Buchanan v. State, 30 Okla. Cr. 362, 236 P. 903; Miles v. State, 31 Okla. Cr. 4, 236 P. 907.

The defendant further complains that no sworn complaint or warrant was issued for his arrest, and that the arrest was unlawful, and that the evidence is insufficient to sustain the verdict. The record discloses that a search warrant for the rooms in which the defendant lived was issued, and upon a search four quarts of whisky and five quarts of gin were found in two suit cases in the room of defendant, which was seized, and the defendant arrested. On the following day he was arraigned and entered his plea. Later he asked leave to withdraw his plea for the purpose of challenging the proceedings, and was permitted to file a motion to quash the panel and a demurrer to the jurisdiction on constitutional ground, which were overruled. A challenge to the jurisdiction of the court over

the person by reason of an arrest without a sworn complaint or warrant must be made before plea. By pleading to the information, the objection is waived. State v. Frisbee, 8 Okla. Cr. 406, 127 P. 1097.

The defendant denied that he had possession of the whisky in question, and in support offered the evidence of one Fred Byrd, who occupied an adjoining room and was at the time of the trial serving a sentence in jail for violating the prohibition law, in which Byrd claimed to be the owner of the whiskey in question.

The credibility of the witnesses and the weight to be given their evidence was a matter peculiarly in the province of the jury. The logical deductions from the evidence offered sustains the verdict. Where an accused is charged with the possession of intoxicating liquor with intent to sell, and the proof shows possession of the prohibited quantity, it is sufficient under the prima facie rule to submit to the jury as a matter of fact for their determination, and, unless there was some unusual circumstance casting doubt on the verdict of the jury, it will not be disturbed. Cosby v. State, 30 Okla. Cr. 294, 236 P. 51.

Finding no reversible error, the case is affirmed.

BESSEY, P. J., and DOYLE, J., concur.