## JAMES TRIPLITT v. STATE.

No. A-5098. Opinion Filed Oct. 24, 1925.
Rehearing Denied Nov. 28, 1925.
(240 Pac. 749.)

Wright & Gill, for plaintiff in error.

George F. Short, Atty. Gen., for the State.

EDWARDS, J.   From a conviction in the county court of Oklahoma county on a charge of having possession of intoxicating liquor with intent to sell, the plaintiff in error, hereinafter styled defendant, has appealed.

The record discloses that on the 29th day of August, 1923, certain police officers of Oklahoma City went to the place of residence of the defendant with a search warrant, and upon a search found about five gallons of whisky in different containers hidden about the premises, which they labeled or had labeled, and which was then put in the booze room of the police department.  The testimony was that the liquor seized was corn whisky, but, owing to some defect in the chain of possession, the whisky itself, although offered, was not admitted in evidence.  The defendant did not testify, and offered no evidence.

The first contention is that the liquor was obtained by illegal means, in that there was no evidence that the search warrant was based upon a sufficient affidavit.  It is further claimed that it was issued by a judge of the police court, and was therefore invalid under the holding of this court in the case of Terry v. State, 31 Okla. Cr. 91, 237 P. 465. There is nothing in the record to sustain the argument made upon this point.  If a defendant desires to object to evidence which he claims was procured by an illegal search, he must make timely objection; otherwise he will be deemed to have waived his right to object.  Fields v. State, 31 Okla. Cr. 121, 236 P. 633.

No objection was made to the evidence when offered, and no attempt made to show that the search warrant testified to was not based upon a proper affidavit or was issued by an officer not authorized to issue search warrants in the enforcement of the prohibitory law.

Error is not presumed, but it must be made to affirmatively appear, and, when testimony is offered that officers acted under a search warrant, in the absence of any evidence to the contrary, it will be presumed that it was regularly issued upon a sufficient affidavit. Viadock v. State, 30 Okla. Cr. 374, 236 P. 56.

The second contention is that the evidence is insufficient. The evidence, however, clearly shows the possession of the prohibited quantity of whisky, and, when that is shown under the prima facie evidence rule, the intent becomes a question of fact for the jury, and, in the absence of unusual circumstances, its verdict will not be disturbed. Cosby v. State, 30 Okla. Cr. 294, 236 P. 51; McCoy v. State, 31 Okla. Cr. 254, 238 P. 223; May v. State, 31 Okla. Cr. 361, 238 P. 1003.

The third contention is based upon the court's instruction No. 8, in which the court informs the jury that certain glass jugs of whisky brought into the courtroom were excluded from its consideration, for the reason that the officers who seized the same had not complied with the law in making written reports and in failing to deliver the same to the sheriff and taking receipt. The jury was cautioned that the liquor is not in evidence and is not to be considered. This instruction is prolix in explaining to the jury in too much detail the reasons why the liquor offered was not admitted in evidence. But it is favorable to the defendant in instructing them that it is not in evidence and is not to be considered. It was not prejudicial.

From the record before us it appears that the defendant was fairly tried, the issues of law fairly submitted, and the verdict of the jury fully sustained by the evidence.

The case is affirmed.

BESSEY, P. J., and DOYLE, J., concur.