## ROY SMITH et al. v. STATE.

No. A-5324.   Opinion Filed March 13, 1926.
(244 Pac. 52.)

R. D. Miller, for plaintiffs in error.

The Attorney General and Smith C. Matson, Asst. Atty. Gen., for the State.

BESSEY, P. J. The plaintiffs in error, here designated the defendants, were convicted of the offense of gaming by playing a game of poker. By verdict of a jury the punishment of each was assessed at a fine of $25.

The sheriff, while in the village of Gould one Saturday afternoon, heard that certain farmers who lived near there were planning to have a social game of poker that night at the farm home of defendant Smith. The sheriff thereupon organized a posse comitatus, the members of which armed themselves, and at about 8 o'clock that night concealed themselves about the premises of defendant Smith, in the stock pens, and behind buildings and other obstructions on the place. At about midnight one of these men in the posse discovered a small knot hole of about the diameter of a silver dime in one of the walls of a shed room, through which a ray of light shone forth. Quietly each one of the party in turn peeped through this knot hole, and saw human hands manipulating cards on a blanket on the floor; saw some coins on the blanket; heard the metallic clink of coins, and the sound of shuffling cards. The members of the posse then surrounded the house, forced an entrance into it, and captured these four defendants and one deck of playing cards. The money, if there was any, could not be found.

The officers had no warrant of arrest and no search warrant. At the beginning of the introduction of evidence by the state the defendants objected to the introduction of the state's evidence on the ground that it was in effect procured illegally, by means of a arrest in the nighttime for a misdemeanor without a warrant, con-

trary to the provisions of section 2464, Comp. Stat. 1921. The defendants also urged as an objection that the evidence about to be offered was obtained by means of an unreasonable search and seizure, contrary to the provisions of section 30 of the Bill of Rights.

Section 2464, supra, is as follows:

"If the offense charged is a felony, the arrest may be made on any day, and at any time of the day or night. If it is a misdemeanor, the arrest cannot be made at night, unless upon the direction of the magistrate indorsed upon the warrant."

Arrests for misdemeanors in the nighttime, except when the offense is committed in the presence of the officer in due course, are not favored in this state. Such was not the case with this arrest. The officers themselves were trespassers upon the premises of one of the defendants. The commission of a minor petit offense may militate against the good order of a community, but the invasion of the privacy of a home in the manner here shown, in the nighttime, for the purpose of discovering such offense, is of itself a more grievous offense, having a tendency to create disorder, breaches of the peace, and physical violence. The discovery of petit offenses in private homes, made by peeping through knot holes or apertures, through window shades, and by other like methods, does more harm than it can possibly do good. Of the two evils, the law condones the lesser.

Now, if these officers had had good cause to believe that these defendants were secretly making counterfeit money, or dividing the loot from a robbery, or had committed, or were committing, some other felony, the right to make an arrest in the nighttime without a warrant would be upheld and the making of the arrest commended. Sections 2471 and 2472, Comp. Stat. 1921.

But these last named sections, considered in connection with section 2464, supra, do not warrant a breaking of doors to make an arrest for a misdemeanor, unless the misdemeanor is perpetrated in the presence of the officer while in due and lawful course of his official duties as a peace officer. For instance, if one assaults another in the presence of the officer (a misdemeanor), and then takes refuge in his home, the officer may use force to enter the home to make an arrest. On the other hand, an officer must refrain from becoming a trespasser with the object of discovering the commission of a misdemeanor, and then, after its discovery, seek to justify the arrest, and a search and seizure incident thereto, on the ground that the offense was committed in his presence.

The arrests in this case were illegal, and the seizure of the deck of cards was "unreasonable," within the meaning of both the federal and state Constitutions. On the timely request of the defendants, the evidence so procured should have been excluded. We hold, further, that the demand for its exclusion was timely and sufficiently definite to apprise the court of the nature of the defendants' objection.

The cause is reversed, with instructions to dismiss.

DOYLE and EDWARDS, JJ., concur.