## ALPHA BAKER v. STATE.

No. A-5630.   Opinion Filed Aug. 14, 1926.
(248 Pac. 846.)

R. M. Mountcastle, for plaintiff in error.

Geo. F. Short, Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of McIntosh county on a charge of having possession of mash fit for the distillation and manufacture of whisky and was sentenced to pay a fine of $50 and to serve 30 days in the county jail.

The evidence shows that certain officers of McIntosh county, without a search warrant, started to the residence of defendant for the purpose of searching for evidence of a violation of the prohibitory liquor law. Before reaching the residence they met the defendant, and, according to the evidence of the state, told him that they had information that he was handling liquor and wanted to search his place. Defendant told them to go ahead and search; that he had to go to another place, but would be back soon. The officers then said they did not wish to go where the ladies were without the men, and asked defendant to go along, and he did so. The search was made, and a barrel containing about 30 gallons of mash suitable for the distillation of whisky was found in the house. The defendant testified that the mash was prepared by him for hog feed, but admits telling the officers that he had a barrel of Choctaw beer, and, in reference to the waiver claimed by the state, he testified:

"Q. What did he say? A. Well, he asked me if my name was Baker, and I told him, 'Yes.' He said he had news that I was selling whisky and that he was going to search my place. I told him to go ahead; that he could search it without me. * * *"

The court instructed the jury that the search of the residence of any person was illegal without a valid search warrant, unless a voluntary consent to such search was given, and that, if they entertained a reasonable doubt that defendant did voluntarily consent, they should not consider the evidence of the officers making

the search, but should disregard the entire testimony and find the defendant not guilty.

The constitutional right against an unreasonable search is personal, and may be waived, and, as we view the record, it was a question of whether or not the defendant voluntarily waived his constitutional right. It was properly submitted to the jury and their verdict is supported by the evidence. Some other contentions are made, but none of them present any material error.

The case is affirmed.

BESSEY, P. J., and DOYLE, J., concur.