## JOHN LONG v. STATE.

No. A-5819.   Opinion Filed May 21, 1927.
(256 Pac. 65.)

Carter & Carter, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

EDWARDS, J.   The plaintiff in error, hereinafter called defendant, was convicted in the county court of Okmulgee county on a charge of having possession of whisky with intent to violate the prohibitory law, and was sentenced to pay a fine of $50 and to serve 30 days in the county jail.

From the record it appears that, on the day charged, certain officers went to the residence of defendant,

asked permission to look for whisky, and defendant gave his consent. They looked in the house and found no whisky, but concealed in a binder they found a gallon jug, more than half full of whisky. In the barn loft they found five five-gallon jugs, four of which smelled strongly of whisky, and some bottles. Defendant admitted possession of the whisky found, but testified that he had it for medicinal purposes and not for the purpose of violating the prohibitory liquor law, and further denied that the five-gallon jugs had contained whisky. The only assignment of error argued is that the evidence is insufficient to sustain the verdict and judgment. By the provisions of section 7002, Comp. Stat. 1921, as amended by chapter 123 of the Session Laws of 1924, the possession of more than one quart of whisky is prima facie evidence of an intention to violate the liquor law. When more than this quantity of intoxicating liquor is found in the possession of any person, it is sufficient to carry the case to the jury, and, in the absence of unusual circumstances, will be sufficient to sustain a conviction. Cosby v. State, 30 Okla. Cr. 294, 236 P. 51; McCoy v. State, 31 Okla. Cr. 254, 238 P. 223; May v. State, 31 Okla. Cr. 361, 238 P. 1003.

The case is affirmed.

DOYLE, P. J., and DAVENPORT, J., concur.