N. L. PENNINGTON v. STATE.

No. A-7725.   Opinion Filed March 28, 1931.
(297 Pac. 330.)

W. A. Barnett and A. E. Graham, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

DAVENPORT, P. J.   The plaintiff in error, hereinafter called the defendant, was convicted of having pos-

session of a still, and was sentenced to pay a fine of $300 and be imprisoned in the county jail for 90 days, from which judgment the defendant has appealed.

The testimony on behalf of the state, in substance, is as follows: C. E. Simpson stated he was a deputy sheriff—

"I went to the defendant's home on the 4th day of May, 1929, and asked him if certain parties had been to his house the night before, and if they got anything to drink, and the defendant said, 'No'; I told him I wanted to look around, did not have a search warrant; did not need one, he said; we looked around the house and went out to the barn and found mash and a still covered with a wagon sheet; he opened the barn door and helped us carry it out; the still appeared to be in working order."

The defendant then moved to strike all the testimony of the witness for the reason that it was shown he was on the premises of the defendant and made the search in violation of the defendant's constitutional and statutory rights, which motion of the defendant was overruled, and defendant duly excepted.

On cross-examination, witness stated he told the defendant he came out to talk to him; said they wanted to look him over; did not have any search warrant.

The defendant testified in his own behalf, and stated:

"When the officers came out to my house they called me out in the yard and said they wanted to talk to me; I walked out into the yard and the witness Simpson walked in my house; a man by the name of Stuart asked me if taxi driver Johns had been to my house Friday night, and I told him 'No'; Stuart rushed back in the house and said, 'You got choc beer?' and I said, 'I haven't'; 'got any whisky?' and I said 'No'; did not invite them in to my home or on the premises; did not invite them to make any search;

they said they were going to look me over; I did not try to prevent them; I knew they were officers and knew what they might do to me; they had guns strapped to their side; said they come to look me over. It is true I took my key and unlocked the barn door."

On cross-examination, the defendant stated:

"I told them I was not at home on Friday night; that my wife had gone to a school meeting. I plead guilty once to possession of whisky. I had a can but I did not have a still; had two barrels of mash."

The defendant's wife testified, in substance, to the same facts as defendant testified as to what the officers did and said when they came to their home:

"One of the officers asked me if taxi driver Johns brought a woman out to my house Friday night; I did not hear them say anything about searching or examining the premises."

The defendant has assigned several errors alleged to have been committed by the court in the trial of his case. The first assignment is that the court erred in overruling his motion to dismiss the case, and suppress the testimony of the state. It is urged by the defendant that his motion to dismiss should have been sustained for the reason that the search of the defendant's premises was made in violation of his constitutional rights as a citizen of the state of Oklahoma, and in support of his contention the defendant cites the following cases: Buxton v. State, 37 Okla. Cr. 402, 258 Pac. 814; Cosby v. State, 30 Okla. Cr. 294, 236 Pac. 51; Id. 30 Okla. Cr. 405, 236 Pac. 906; Smith v. State, 33 Okla. Cr. 344, 244 Pac. 52.

In Cosby v. State, supra, in the second and third paragraphs of the syllabus, the court said:

"Search of private residence, not coming within exceptions in section 7013, C. S. 1921, was illegal.

"Evidence obtained by a search of the defendant's residence, in violation of the constitutional protection against unreasonable search and seizure, is inadmissible against him."

The authorities cited by the defendant involve the question of a valid search warrant. In this case there was no search warrant. The officer who made the search testifies as follows:

"We told him we wanted to look around; didn't have a search warrant; don't need any, he said; we went to the barn and he said it was in there, and opened the door and helped us carry it out."

The defendant testified for himself and denied that he made the statement testified to by the state's witness. The constitutional right against the unlawful search is personal and may be waived, and the view we take of the record under the testimony it was a question for the jury as to whether or not the defendant did voluntarily waive his constitutional right. Baker v. State, 35 Okla. Cr. 62, 248 Pac. 846.

The court in its instructions properly submitted this question to the jury, and the jury's verdict is supported by the evidence.

There are other questions raised, but none of them present any material error.

The case is affirmed.

CHAPPELL, J., concurs. EDWARDS, J., not participating.