## ARTHUR GOAD v. STATE.

No. A-9153. Jan. 27, 1937.
(64 Pac. [2d] 932.)

I. O. Correll and Thos. W. Smith, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for the State.

BAREFOOT, J.  An information was filed by the county attorney of Atoka county against the defendant March 10, 1932, charging him with the unlawful possession of a whisky still.  The case was not tried until April 21, 1936.  Defendant was convicted and assessed a fine of $50 and 30 days in jail and has appealed.  It is assigned as error:

1.  That defendant's home was illegally searched.

2.  That the evidence was insufficient to warrant a conviction.

3.  That certain incompetent evidence was introduced.

In support of his first assignment of error, defendant contends that his home in Stringtown was searched by oficers, without the issuance of a search warrant.  The evidence upon this point is as follows:

"C. G. Maxwell, sheriff, being on the witness stand was asked:  Q. Did you have a search warrant?  A. I did.  Q. Do you have the search warrant at this time?  A. I do not.  It's in the files."

Attorneys representing the defendant then asked the state to produce the search warrant and this motion was overruled by the court.  After this testimony was given by the sheriff stating that he had a search warrant, the defendant made no attempt to show that no warrant had been issued.  He did not offer as a witness the court clerk to show that no search warrant had been returned.  The case, for some reason not shown by the record, was not tried until nearly four and a half years after the search

had been made and the information filed. The defendant, while on the witness stand in his own behalf, testified as follows:

"Q. You heard the testimony of officers here a while ago as to what they found at your place? Tell the jury what they did find there. A. They come in and knocked at the door. Charley Maxwell said, 'I have a search warrant for you'. I said, 'All right, I want to see it.' I don't remember whether he showed it to me or not at that time. I said if you want to search the place, hop to it. Him and Bill went out the front door. Bill Turner started in the cellar. He come back with a little five gallon can. Charley come on in the house and found a thumper under the cook table where we keep the flour."

It will thus be seen that the defendant did not remember whether the officers had a search warrant at the time of the search of the premises, and that he personally gave permission for them to search without a warrant. This court has held that the defendant may waive his right to have a search warrant issued by giving his voluntary consent to the officers permitting them to search without a warrant. In the case of Alpha Baker v. State, 35 Okla. Cr. 62, 248 Pac. 846, the court says:

"It is an invasion of the constitutional right of any person to search the residence and immediate premises without a valid search warrant, but this right may be waived by the voluntary consent of the person whose premises are searched, and, when voluntary consent is given, evidence obtained by such search is admissible."

Also in the case of Pennington v. State, 50 Okla. Cr. 291, 297 Pac. 330, where the court says:

"It is an invasion of the constitutional right of any person to search the residence and immediate premises without a valid search warrant, but this right may be waived by the voluntary consent of the person whose prem-

ises are searched, and, when voluntary consent is given, evidence obtained by such search is admissible."

The contention that the evidence was insufficient to support the verdict cannot be upheld. The defendant and his family were living with his father at Stringtown. The officers searched the home and found a copper still with a boiler on it in the cellar, and a barrel partly filled with mash, caps, pipes, etc., and a half gallon of whisky in the kitchen. The defendant, in his testimony, admitted the above articles were his property, that none of them belonged to his father, that he was perfectly familiar with the parts that go to make up a whisky still, and that he knew how to make whisky. He claimed that he had found these different parts of the still in the woods while securing firewood. All these facts were presented to the jury, and the jury, after hearing them, found the defendant guilty and gave him the minimum punishment.

The contention that the court erred in permitting the introduction of incompetent evidence is based upon the fact that the court permitted the officer to testify as to the finding of certain articles without producing in court the identical articles testified about. We do not think there is any merit in this contention.

The judgment of the county court of Atoka county is affirmed.

DAVENPORT, P. J., and DOYLE, J., concur.