E. S. SEABOLT, Violet Seabolt, One Mercury Automobile and American Exchange Bank of Collinsville, Oklahoma, Plaintiffs in Error,

v.

STATE of Oklahoma, Defendant in Error.

No. 38909.

Supreme Court of Oklahoma.

Oct. 25, 1960.

Daniel Bassett, Bartlesville, for plaintiffs in error.

Nathan G. Graham, James W. Connor, Bartlesville, for defendant in error.

JOHNSON, Justice.

This case is an appeal from the County Court of Washington County, Oklahoma, from an order and judgment for forfeiture of an automobile to the State of Oklahoma.

The defendant automobile and its owner contend that the sole question for our determination is whether the arresting officers, without a warrant for the arrest of E. S. Seabolt, or for the search of his car,

 

had cause for the arrest of the said E. S. Seabolt, or sufficient cause to justify the search of the Seabolt automobile.

The record discloses that the only question involved in this appeal is whether the trial judge under the conflicting evidence on that issue erred in finding and holding that E. S. Seabolt freely and voluntarily consented to the search of his automobile.

The arrest of Seabolt was admittedly made after the search of the car which revealed several jars of whiskey locked in the turtle hull or back end of Seabolt's car. It was admitted that the arresting officers had no search warrant, but that they relied upon Seabolt's consent to make the search.

In this connection Seabolt contends first, that permission to search his car was not asked for or granted freely and voluntarily, but, on the contrary, the approach and search was effected in the nature of an arbitrary display and exercise of authority by the officers (citing Hogan v. State, 94 Okl.Cr. 375, 236 P.2d 276), and, second, that the state failed to prove by clear and convincing proof that the alleged consent to the search was freely and voluntarily given (citing Edwards v. State, 83 Okl.Cr. 340, 177 P.2d 143).

The rule applicable herein is that a party alleging person's waiver of right to require a search warrant before search of his automobile must prove by clear and convincing evidence that waiver was car driver's free and voluntary act, but the trial court's ruling on a motion to suppress evidence obtained through such search and seizure will be sustained on appeal, where testimony as to facts of waiver was conflicting and there is competent evidence in the record to sustain the court's finding. Hogan v. State, supra, and cited cases.

The record discloses that the Seabolt car was followed by police officers; that Seabolt ran one red light and continued to drive several miles at speeds from 80 to 90 miles per hour with the officers with siren turned on and in close pursuit, but that Seabolt failed to stop; that when he did stop he was asked to get out of the car and then consented to the search of his car by voluntarily giving the keys to one of the officers. This is denied by the Seabolts. However, the judge who was the trier of facts, after hearing and seeing the witnesses while giving their testimony and observing their demeanor while on the witness stand, was in a much better position to determine the truthfulness or credibility of said witnesses than is this court on appeal. Therefore, under such circumstances we find that there was evidence, though conflicting, if believed by the trial judge, to sustain the court's finding and judgment and that permission for the search was asked for and granted freely and voluntarily, and that the approach and search was not effected in the nature of an arbitrary display and exercise of authority by the officers making the search. Baker v. State, 35 Okl.Cr. 62, 248 P. 846.

Judgment affirmed.