James E. WEST, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. A–16732.

Court of Criminal Appeals of Oklahoma.

Oct. 25, 1972.

Ollie W. Gresham, Tulsa, for appellant.

Larry Derryberry, Atty. Gen., Charles L. Pain, Asst. Atty. Gen., for appellee.

## DECISION AND OPINION

BRETT, Judge:

Appellant, James E. West, was convicted by a jury in the District Court of Wagoner County, Oklahoma, for the crime of larceny of domestic animals. Trial was commenced on November 16, 1970, after which the jury assessed appellant's punishment at three years imprisonment in the State Penitentiary; judgment and sentence was imposed on December 18, 1970, from which this appeal has been lodged. We affirm.

Appellant, who will hereafter be referred to as defendant as he appeared in the trial court, was charged with having taken without permission one Black Angus calf about 10-days old from the property of Mr. Bob Johnson of Broken Arrow, Oklahoma. The evidence presented to the jury revealed that one Larry Reeves, a nineteen year old man, assisted defendant in removing the calf from the Johnson property, by placing it in the turtle back of Reeves' automobile and transporting it to another location in a junk yard, where the calf was transferred to the turtle back of defendant's car. Defendant then took the calf to his parents' farm, where he also lived. The calf was placed in the vicinity of the farm barn.

About March 6, 1970, Mr. Johnson was notified by the caretaker of his cattle that a Black Angus calf was missing. Mr. Johnson reported the theft of the calf to the sheriff of Wagoner County, after which an investigation was commenced. On April 24, 1970, the sheriff, one of his deputies, and Bud Cobb, Mr. Johnson's caretaker, went to a farm in Cherokee County, owned by defendant's parents. Defendant's mother was the only person at home and upon the sheriff's request she gave the men permission to enter upon the property and search for the stolen calf. Bud Cobb found the missing calf near a barn on the West farm. The following day, April 25, 1970, the same three men returned to the West farm and were again given permission to enter the property for the purpose of obtaining possession of the calf.

Mr. Bob Johnson and his caretaker, Alfred A. "Bud" Cobb, both testified that neither of them gave defendant, or anyone else, permission to remove the calf from Mr. Johnson's property. The defendant did not testify in his own behalf, but called Kathleen Cobb, the wife of Bud Cobb, to testify concerning certain statements that Larry Reeves had made to her. She stated that Larry Reeves had told her and Mr. Cobb that he took the calf and that defendant had nothing to do with the theft of the calf. Notwithstanding, the jury chose to believe the State's evidence and found defendant guilty of the charge of larceny of domestic animals, as alleged in the information.

After the jury's verdict was returned and read in the court, and after the jury was polled, the foreman of the jury asked to make a statement to the court. The foreman then informed the court that the jury recommended leniency in defendant's case.

Defendant filed a motion for new trial, listing six errors committed in the course of his trial. Thereafter, a lengthy hearing was held on defendant's motion for new trial, during which a continuance was granted defendant to obtain witnesses in support of his motion. Numerous witnesses were offered and interrogated. At the conclusion of the hearing the trial court denied defendant's motion for a new trial and imposed judgment and sentence as recommended by the jury. Thereafter, defense counsel moved the court to suspend defendant's sentence, but the trial court declined to do so, stating his reasons in the record, why he declined to suspend the sentence.

Defendant argues his appeal in his brief under four propositions. The first asserts error was committed when the court allowed the prosecution to file new informations, after which defendant was granted a preliminary examination on the second information. The first information, charging the defendant with the commission of this crime, was filed on May 1, 1970. The information was dismissed at the preliminary examination conducted by Judge Angelyn A. Jones. Thereafter, on May 15, 1970, a second information was filed and the second preliminary examination was set to be had.

Prior to the second preliminary hearing, defendant filed a motion to dismiss which was overruled on May 26, 1970, by District Judge C. F. Bliss, Jr. Thereafter, on June 23, 1970, a preliminary hearing was held on the second information, when defendant was bound over to stand trial in the instant matter.

Defendant relies on this Court's decision in Jones v. State, Okl.Cr., 481 P.2d 169 (1971), in which this Court held:

"[W]hen a magistrate at a preliminary examination rules the evidence insufficient to hold the defendant for trial, neither that magistrate nor any other magistrate should entertain another filing against the same defendant for the same offense unless the State makes an offer of additional evidence or proves other good cause to justify another preliminary examination." at page 171, P.2d.

This Court's decision in Jones v. State, supra, was rendered January 6, 1971, and

rehearing denied on March 8, 1971. In the instant matter the jury trial was had on November 16, 1970. For reasons the trial court considered to be valid, imposition of judgment and sentence was continued until December 18, 1970, when judgment and sentence was imposed.

In this appeal defendant is requesting this Court to make retroactive application of its decision in Jones v. State, supra. However, it was not the intention of the Court at the time the *Jones* decision was rendered, that it should have retroactive application; nor is it the intention of the Court at this time that the provisions of that decision shall be applied prior to January 6, 1971, when the decision was rendered. We therefore hold that the provisions of Jones v. State, supra, shall not have retroactive application prior to the date the decision was rendered. We therefore deny defendant's first proposition.

Defendant next asserts that the court committed error when his motion to suppress was overruled. In this proposition defendant asserts that the evidence obtained (the ten-day old Black Angus calf) from his father's farm was the result of an illegal search and seizure. It is defendant's contention that insofar as no search warrant was issued, because the sheriff did not ask defendant's permission to enter upon the property, that the search and subsequent seizure was invalid. The record clearly discloses that on both days, April 24th and April 25th, defendant's mother gave the sheriff and his party permission to enter upon the premises to search for the calf and to seize any stolen property. The record is clear also that the farm was owned by Mr. & Mrs. West, and was not the property of defendant, who only lived with his parents. Defendant relies on this Court's decision in Bynum v. State, Okl. Cr., 490 P.2d 531 (1971), to show that defendant has standing to challenge the legality of the search and seizure made by the sheriff and his party. But notwithstanding the fact that defendant has standing to challenge the legality of the search,

a showing of standing is only preliminary to an examination of the legality of a search and seizure. In the instant case defendant has failed to support his proposition with proper authority. This Court held in Goad v. State, 60 Okl.Cr. 307, 64 P.2d 932, 933 (1937), "It is an invasion of the constitutional right of any person to search the residence and immediate premises without a valid search warrant, but this right may be waived by the voluntary consent of the person whose premises are searched, and, when voluntary consent is given, evidence obtained by such search is admissible."

In the instant case no search was made of any private facilities owned by the defendant, but instead the search for the calf encompassed his parent's farm barn and surrounding fields; and the permission to search the farm given by defendant's mother was sufficient to cause search and seizure to be valid. We therefore deny defendant's second proposition.

Defendant next asserts that ownership of the calf was not proven. The record clearly shows that Mr. Bob Johnson testified that the calf was his property; and Mr. Cobb, who was caretaker of Mr. Johnson's cattle, also testified that the calf belonged to Mr. Bob Johnson. This proposition is denied.

Defendant's fourth proposition asserts that the evidence was insufficient to support the verdict and that the testimony of defendant's accomplice, Larry Reeves, was not sufficiently corroborated. This proposition is without merit insofar as the stolen property was found on the farm owned by defendant's parents. There is further evidence that defendant's mother, who consented to a search of the farm, knew nothing of the ownership of the animal which was found, and stated that she did not want the calf if it was stolen. Also, no explanation was offered by defendant concerning the presence of the stolen calf on his parents' farm. Whether or not the evidence offered to impeach the testimony of Larry Reeves was sufficient

to serve that purpose was a question for the jury to resolve. The jury, no doubt, chose to accept the testimony of Larry Reeves. "In prosecutions for larceny, robbery, and burglary, an accomplice may be corroborated by proof of the possession of the stolen property by the defendant charged with the crime." Harrell v. State, Okl.Cr., 381 P.2d 164 at page 166 (1963), at page 381. See also Eaton v. State, Okl.Cr., 404 P.2d 50 (1965).

We are therefore of the opinion, after considering the record in its entirety, the court's instructions, and the evidence offered, that the judgment and sentence imposed in this case should be, and the same is hereby affirmed.

BUSSEY, P. J., concurs.