## WILLIAM T. SMITH v. STATE.

No. A-6777. Opinion Filed Jan. 7, 1928.
(262 Pac. 507.)

C. R. Reeves, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Oklahoma county on a charge of attempting to steal an

automobile, and was sentenced to serve a term of two years in the State Penitentiary.

The information charges that defendant attempted to steal an automobile, the property of one Mrs. William Pheiffer. The information is rather indefinite in alleging conclusions, but, under the liberal rule adopted by this court, it is sufficient.

The evidence discloses that, at the time charged, two policemen observed defendant on the streets of Oklahoma City getting into various cars, and apparently attempting to start them. He entered an inclosed car alleged to be the property of Mrs. William Pheiffer, but, on account of the wheel being locked, was unable to start it, and, on seeing the officers approaching, he left the car, and went into an alley where he was apprehended. On his person was found a stick with a nail formed as a hook, which he used to reach inside and open the door. The evidence seems clear that he was trying to steal this automobile. The state failed to prove clearly the corpus delicti in this, it did not clearly prove the ownership of the car in question. Mrs. Pheiffer, a witness for the state, and the alleged owner of the car, testified that she did not even know that her car was parked at the place described, and had no information of any attempt to steal it, if such occurred, until some weeks later, when she was subpoenaed as a witness. No other witness for the state testified that the car belonged to Mrs. Pheiffer, nor was there direct proof that, if Mrs. Pheiffer owned the particular car charged, she had not given consent to defendant to drive it. She was not questioned on this point. At the close of the state's case, defendant was called as a witness, and was asked by his counsel if he had any intentions of stealing this automobile. Upon objection, the court excluded this evidence. This was prejudicial error. It is well established that a defendant charged with a crime which has

as one of its ingredients an unlawful intent may explain his intent and mental purpose, and may deny the specific intent required to constitute the offense. Wigmore § 581, says, with the exception of Alabama, the rule is absolute in the United States. See Snow v. State, 3 Okla. Cr. 291, 105 P. 572; Cosby v. State, 30 Okla. Cr. 294, 236 P. 51; 8 R. C. L. § 174, p. 181, authorities cited.

For the reasons assigned, the case is reversed and remanded.

DOYLE, P. J., and DAVENPORT, J., concur.