**Billy Ray RYANS, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–13996.**

Court of Criminal Appeals of Oklahoma.
Nov. 16, 1966.

Rehearing Denied Dec. 7, 1966.

Velmer J. Dimery, Norman, for plaintiff in error.

Charles Nesbitt, Atty. Gen., Charles L. Owens, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

Plaintiff in error, hereinafter referred to as defendant as he appeared in the trial court, was charged, and convicted by a jury, in the district court of Cleveland County, Oklahoma. The information alleged the crime of second degree burglary.

In substance, it is alleged that on or about June 19, 1965 the defendant and three other persons did burglariously and feloniously, in the nighttime, break and enter a certain business establishment in Norman, Oklahoma, by breaking open the outer door of the building and entering, without consent of the owner, and with the felonious and burglarious intent to steal therein.

The trial resulted in the jury finding the defendant guilty of the second degree burglary charge; and, after presentation of the second section of the information, the jury found the defendant guilty of burglary in the second degree, after former conviction of a felony. The jury then fixed defendant's punishment at imprisonment in the State Penitentiary for a term of seven years.

Defendant's motion for new trial was overruled, and judgment and sentence was duly rendered. Thereafter, defendant perfected his appeal to this Court by petition in error with casemade, on May 9, 1966.

Defendant was represented at his arraignment in district court by his attorney, Mr. E. E. Zamrzle, who was later permitted to withdraw from defendant's case. Defendant employed Mr. H. A. Leatherman to represent him. Mr. Leatherman filed and presented a demurrer to the information, after which he was allowed to withdraw as defense counsel. The Court then appointed Mr. S. Edward Wagner to represent the defendant. Mr. Wagner represented the defendant at his trial; filed and presented his motion for new trial, and filed defendant's notice of intention to appeal, after which the court permitted him to withdraw as counsel. April 12, 1966 the court appointed Mr. Velmer J. Dimery to represent the defendant on his appeal.

The State sufficiently established the facts that the Norman Builder's Supply, a retail lumber establishment, maintained a burglary alarm system, which, after it was properly set, became activated when the

door was opened; that the door to the office had been forced sufficiently to indicate it had been broken into; that the door facing had marks on it which were made by some prying instrument; that money and valuable property were kept in the office, and in the enclosed lumber yard; and that the defendant had not been given authority to be on, or to enter the premises.

Mr. Joe Poe testified that the alarm system, which he was employed to maintain by the Merchant's Security Service, was activated at 12:52 a. m. on June 19, when he summoned the police.

Two Norman police officers were in the vicinity of the lumber yard and arrived there within a few minutes after the police were summoned, and commenced to search the lumber yard. While they were searching, one of the boys, Paul David Allen, came up to them and stated that he was the only person there. During the same period of time, two more officers arrived at the scene and discovered three other men hiding. All four men, including this defendant, were arrested and were taken to the police station. Thereafter the charges were filed against them.

Two pry-bars, or "crow-bars" were introduced into evidence, and identified as having been found by the police near the door, which had been broken into. Photographs of the door and the pry bars, after being properly identified, were also introduced into evidence.

The State used eight witnesses to establish its case against the defendant.

At the conclusion of the State's evidence the defendant did not offer any evidence, nor did he take the witness stand in his own behalf in an effort to overcome the State's contentions. Instead, the defendant merely rested his case.

Defendant contended in his motion for a new trial that the verdict was not sustained by sufficient evidence, and that the court erred in refusing defendant's requested instructions. Defendant directs much of his argument in his brief to the proposition that the court erred in refusing defendant's requested instructions number one and number two.

Defendant's requested instructions were stated as follows:

"1. You are instructed that the breaking and entering necessary to constitute burglary in the second degree may be any act of physical force, however slight, by which the obstruction to entering is forcibly removed, and the opening of a closed door in order to enter a building may constitute a breaking. The entering of a building through an already open door, window or opening does not constitute a breaking. Nor does the crossing of a fence or entry into a yard or enclosed premises not a building constitute a breaking.

"2. You are instructed that the entering of any building, booth, tent, warehouse, railroad car, vessel, or other structure or erection with intent to commit any felony, larceny, or malicious mischief, under circumstances not amounting to burglary, is a misdemeanor."

Defendant stresses two other contentions in his brief: that there was no evidence introduced showing intent to steal; and the fact that no property was actually shown to have been missing from the place of business.

This Court has heretofore held that it is not necessary that property be actually taken in order for intent to be established. This Court recited in Garrett v. State, Okl.Cr., 350 P.2d 983:

"Where it is shown that one accused of burglary broke in and entered a store in the night time, it may ordinarily be presumed that he did so with intent to steal, though at the time he was detected he had not appropriated any property."

It is well established that where one is on trial charged with an offense, the commission of which requires a specific intent, such intent may be proved by circumstantial evidence. Likewise, as stated in Smith v. State, 38 Okl.Cr. 416, 262 P. 507; and Cawley v. State, 96 Okl.Cr. 53, 249

P.2d 273, the accused as a witness may rebut, or explain, his intent and mental purpose; and he may deny the specific intent required to constitute the offense.

■ In the instant case, the defendant did not choose to testify in his own behalf, and left the question to be settled by the jury. Since the defendant failed to explain his presence within the confines of the fence surrounding the lumber yard of the Norman Builders' Supply, the jury was left no other conclusion but to accept the theory of the State that he entered the lumber yard through the door, and was there intending to steal something.

■ Insofar as defendant's requested instructions are concerned, we find nothing in the record to warrant the giving of such instructions. The State showed to the satisfaction of the jury that the door to the business establishment had been pryed open; that the door was sufficiently opened to activate the alarm system; that when the police arrived they found the defendant and others inside the lumber yard. There is nothing in the record to show that defendant entered by any other means, than through the door. We must conclude, therefore, that the trial court properly denied defendant's requested instructions.

■ The defendant raises a question as to the sufficiency of the State's evidence in general. We are of the opinion that the evidence in this case was sufficient to support the jury's verdict. See Dunn v. State, 94 Okl.Cr. 71, 220 P.2d 905.

After reviewing the record before the Court, we fail to find material error therein to warrant any action other than to affirm the judgment and sentence of the trial court.

Case affirmed.

BUSSEY, P. J., and NIX, J., concur.