Donald Darrell **HEINRICH**, Plaintiff in Error,

v.

The **STATE** of Oklahoma, Defendant in Error.

No. A–15203.

Court of Criminal Appeals of Oklahoma.
March 10, 1971.

Curtis A. Parks, Asst. Public Defender, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge:

Donald Darrell Heinrich, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Tulsa County for the offense of Burglary in the Second Degree, After Former Conviction of a Felony; his punishment was set at ten years imprisonment, and from said judgment and sentence a timely appeal has been perfected to this Court.

Briefly stated, the evidence at the trial revealed that on October 31, 1968, Opal Morrison lived across the street from Nancy Tyler, in Tulsa. She testified that at approximately 9:30 a. m. she observed the defendant approach the Tyler home, knocked on the door and then opened the door and entered the residence. She called Mrs. Tyler at work and when Mrs. Tyler arrived, observed the defendant jump over the fence in the backyard. The ladies took chase and observed him get into a car and obtained the tag number which was given to the police.

Mrs. Tyler testified that after receiving the call from Mrs. Morrison, she proceeded home and observed the defendant in her backyard. She asked what he was doing in her house and the defendant advised her to go to hell. He jumped the back fence and ran to an automobile. She and the neighbor took chase and obtained the tag number of the car. She later discovered that one of the closets had been gone through and things were in a mess. She also observed an empty milk carton and bread on the kitchen table.

Mrs. Patterson, the mother of Mrs. Tyler, testified that she had cleaned the morning in question and there was nothing left on the kitchen table.

Officer Helms received a call concerning a possible burglary and a description of the suspect and the tag number. He arrested the defendant shortly thereafter as he approached the automobile.

Harold Cantrell testified for the defense that he observed the defendant at his filling station some time between 9:00 a. m. and 12:00 noon. He stated that the defendant bought gasoline, asked directions and did not seem nervous.

The defendant testified that he was in the general area that day visiting car lots. He testified that he was confronted by two ladies matching the description of Mrs. Tyler and Mrs. Morrison, but that he did not get out of his car near their residence and did not enter the Tyler house. He admitted five prior felony convictions and had been released from the reformatory three weeks prior to the date in question.

The defendant's first proposition of error contends that the trial court erred in overruling the Motion to Quash of the defendant in that the evidence at the preliminary hearing failed to prove the intent of the defendant. We note that the preliminary hearing transcript, the Motion to Quash, and the Order overruling the Motion to Quash, are not contained in the record filed in this case. This Court has repeatedly held that it is without authority to consider alleged occurrences not disclosed by the record. Grant v. State, Okl. Cr., 385 P.2d 925. We, therefore, find this proposition to be without merit.

The defendant's final proposition alleges that the verdict is not sustained by sufficient evidence. He contends that the evidence does not prove the element of intent. From the foregoing recital of facts, we cannot agree with this contention. The evidence showed that a closet had been "messed up" and that items in the kitchen had been handled. This Court has previously held that it is not necessary that

property actually be taken in order for intent to be established. Ryans v. State, Okl.Cr., 420 P.2d 556. We are of the opinion that the question of intent was properly submitted to the jury.

We note, with some interest, that the defendant's defense at the trial was not the question of intent, but rather that he did not break into the house. We are of the opinion that the verdict is amply supported by the evidence. This Court has consistently held that where there is competent evidence in the record from which the jury could reasonably conclude that defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and determine the facts. Gray v. State, Okl.Cr., 467 P.2d 518.

In conclusion, we observe that the record is free of any error which would justify modification or reversal, the punishment is the minimum provided by law, and for those reasons, the judgment and sentence are affirmed.