Charles Eugene **LONG**, Plaintiff in Error,

v.

The **STATE** of Oklahoma, Defendant in Error.

No. A–15558.

Court of Criminal Appeals of Oklahoma.

March 31, 1971.

Don Anderson, Public Defender, Oklahoma County, for plaintiff in error.

G. T. Blankenship, Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge.

Charles Eugene Long, hereinafter referred to as "defendant," was charged, tried and convicted in the District Court of Oklahoma County of the offense of Burglary in the Second Degree, his punishment fixed at six (6) years imprisonment and from said judgment and sentence a timely appeal has been perfected to this Court.

Briefly stated the evidence at the trial revealed that on June 4, 1969, Billy Jim Kelly was manager of the T. G. & Y. Store at 2805 S.W. 29th, Oklahoma City, Oklahoma, and on June 4, 1969, the store, according to their usual practice, was secured and locked. He returned about 3:30 A.M. the following morning, at which time the glass in the entrance door had been broken out, evidently by a wheelbarrow and an eighteen (18) inch hole had been cut in the roof, from which a rope was dangling, and the narcotics safe had been broken and narcotics were missing.

Officer McCaleb, of the Oklahoma City Police Department, in response to a call arrived with his partner McKinney, about 3:30 A.M. that morning. He stayed at the front while McKinney went to the rear, the front door then being intact. Another policeman, Officer Tune, arrived and stayed at the front door while McCaleb joined McKinney on the roof. There he observed a two-foot hole leading into the store, with a rope dangling down into the store. He heard Tune yell and ran to the front of the roof where he could see defendant running, and saw Tune intercept him. He searched the building and found no one inside but found a small half-filled narcotic bottle inside the broken front door.

Officer Tune testified that on that morning he served as backup to McCaleb and McKinney at the store and stationed himself at the front while the others were on the roof. While at one side he heard glass shatter and saw defendant running. He stopped defendant about 150 feet away and arrested him, finding some bottles of narcotics apparently near the curb and some syringes in defendant's pocket.

Officer Burke of the crime lab unit testified that he arrived at the store about 4:00 A.M. that morning. He identified pictures that he took of the hole in the roof, the broken safe, various burglary tools, the broken front door, and various bottles of narcotics and syringes, one of which appeared to have been used. He found no finger prints. His opinion was that one person could have made the hole in the roof and peeled the safe.

Defendant testified that he had lived in Oklahoma City all his life, his present residence being 1425 S.W. 20th. He was walking home from a girl friend's house about 3:00 A.M. that morning, and as he passed the store he saw a man on the roof. Another man ran from the side and forced defendant by gunpoint up on the roof. When defendant got on the roof he saw them complete the hole. They forced him down the rope into the store and he saw them force the safe. The men became alarmed at seeing police outside and one threw a wheelbarrow through the door and defendant ran. He never did see the other two men leave the store. Defendant denied burglarizing the store and denied breaking the door. Defendant testified he had never been convicted of a felony and had served in Vietnam. He denied being a narcotic addict.

■ The first proposition contends the verdict is not supported by the evidence. We have consistently held that where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom,

since it is the exclusive province of the jury to weigh the evidence and determine the facts. Jones v. State, Okl.Cr., 468 P.2d 805.

■ The final proposition asserts that the punishment was excessive. We need only to observe that that is within the range provided by law and does not shock the conscience of this Court.

In conclusion we find that the record is free of any error which would justify modification or reversal and under such circumstances we are of the opinion that the judgment and sentence should be and the same is affirmed.

NIX and BRETT, JJ., concur.