Glen HENSON, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. A–16713.

Court of Criminal Appeals of Oklahoma.

Aug. 23, 1972.

M. E. Becker, Guymon, for appellant.

Larry Derryberry, Atty. Gen., Sondra Leah Fogley, Asst. Atty. Gen., for appellee.

## OPINION

BRETT, Judge:

Appellant, Glen Henson, hereinafter referred to as defendant, was convicted in the District Court of Texas County, Case No. CRF 71–31, of Second Degree Burglary, After Former Conviction of a Felony, and sentenced to ten (10) years imprisonment. Judgment and sentence was imposed on March 31, 1971, and this appeal perfected therefrom.

It was charged by information that the defendant, Gary Dean Farrar, and Daniel Steven Hill, while acting in concert, did on February 15, 1971, break and enter a building known as Schaapveld DX Company, a gas station, located in the community of Hooker, Texas County, without the consent of the owner with the intent to steal therefrom. The second page of the information charged defendant Henson with two former felony convictions in the State of Kansas for second degree forgery and escape. Co-defendant Hill was granted a severance and defendant Henson and co-defendant Farrar were tried together in a two-stage trial.

The evidence established that on the evening of February 15, 1971, at approximately 10:30 P.M., Ben Ellis, while working across the street from the Schaapveld Service Station in Hooker, Oklahoma, heard the sound of glass breaking. Ellis then observed two people force open the side door and enter the Schaapveld Gas Station. Ellis left the scene in his automobile and contacted the police. After notifying the police, Ellis returned to the scene and parked in front of the service station with his lights focused on the station. Ellis observed a man looking out of the window of the service station and shortly thereafter two men ran from the front of the station. Ellis gave chase but the men escaped across the street. Ellis returned to a position across the street from the service station and then noticed a car moving very slowly with its lights off. The car then turned its lights on and then off again. Ellis then pointed a shotgun at the driver, who surrendered. This vehicle was a red Mustang with a Kansas license tag and was driven by the defendant Henson.

The evidence further established that a white 1961 Chevrolet was stolen from a residence 4 blocks from the Schaapveld Service Station at approximately 11:00 P.M. on the night of the burglary, February 15, 1971. A Guymon policeman, notified of the stolen vehicle, at approximately 2:30 A.M., February 16, 1971, stopped a car matching the description and arrested the two occupants, co-defendants Daniel Hill and Gary Farrar.

Co-defendant Hill testified, as a State's witness, that he, Farrar, and defendant Henson, had left the Kansas Reformatory on February 13, 1971, together, and came to Oklahoma in a red Mustang. Hill testified that the three drove in the Mustang to Hooker, where he, Hill, broke into the gas station.

It is defendant's single contention that the evidence was insufficient to establish the commission of the offense charged, and that thus the court erred in overruling defendant's demurrer and motion for a directed verdict.

■ The direct evidence amply establishes an unlawful breaking and entering by force without the consent of the owner of the service station, or any of his employees. This Court has previously held that it is not necessary that property actually be taken in order for the unlawful intent to be established necessary to convict for burglary. Heinrich v. State, Okl. Cr., 482 P.2d 629 (1971). Burglary is the unlawful breaking and entering of a building "with intent to steal any property therein or to commit any felony . . ." 21 O.S.1971, § 1435.

It is true that there is no direct evidence that the defendant Henson actually made the forceful breaking, or entered the service station, or took property from the service station. However, the circumstantial evidence supports the conclusion that the defendant Henson did aid and abet in the commission of the forceful entry with the intent to steal. Title 21 O.S.1971, § 172, provides:

"All persons concerned in the commission of crime, whether it be felony or misdemeanor, and whether they directly commit the act constituting the offense, or aid and abet in its commission, though not present, are principals."

In Battles v. State, Okl.Cr., 459 P.2d 623, it was held:

"[A]ll persons concerned in the commission of a felony, whether they directly

commit the act constituting the offense, or aid and abet in its commission, though not present, must be prosecuted, tried, and punished as principals and no additional facts need be alleged in any indictment or information against such an accessory than are required in an indictment or information against his principal.

"Proof that defendant aided and abetted the principals in the commission of the crime can be proven by circumstantial evidence, and if sufficient, as in the instant cause, will support the verdict."

 To convict for burglary it is not necessary that an eyewitness is able to testify that the defendant was present or took part in the forceful entry of the service station. See Williams v. State, Okl.Cr., 478 P.2d 359 (1970); and Shoemaker v. State, Okl.Cr., 479 P.2d 621 (1971). Defendant was apprehended while driving an automobile very slowly, with the lights out, at night, a few feet from the burglarized building. While the witness watched the defendant, while operating this vehicle, turned his lights on and off as if to signal someone. The co-defendant Hill testified that he, defendant Henson, and co-defendant Farrar, drove into Hooker in a red Mustang from Kansas. The red Mustang in which the defendant was apprehended bore Kansas license plates. We think these circumstantial facts were sufficient to support the conclusion that the defendant Henson aided and abetted in the commission of the burglary and was thus guilty of the offense charged, even though he did not directly and personally make the unlawful breaking and entering. Since the evidence offered no explanation as to the defendant's presence at the scene of the burglary, and under these incriminating circumstances, the jury was left no other conclusion but to accept the theory of the State, that defendant Henson aided and abetted the burglary of the service station. See Ryans v. State, Okl.Cr., 420 P.2d 556 (1966). This Court has repeatedly held that where a conviction rests upon circum-

stantial evidence, and circumstances are proved, from which a reasonable and logical inference of guilt clearly arises and which excludes any reasonable hypothesis, except the guilt of the defendant, this Court will not disturb the verdict for insufficiency of the evidence. Shoemaker v. State, supra. We therefore conclude that the evidence was sufficient to support conviction and that the trial court did not err in overruling defendant's demurrer on motion for directed verdict. Accordingly, the judgment and sentence is hereby affirmed.

BUSSEY, P. J., and SIMMS, J., concur.