**Phillip Franklin TARR, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–77–745.**

Court of Criminal Appeals of Oklahoma.

April 27, 1978.

Don L. Wyatt, Ada, for appellant.

Larry Derryberry, Atty. Gen., Bill J. Bruce, Asst. Atty. Gen., Clifford E. Briery, II, Legal Intern, for appellee.

**OPINION**

CORNISH, Judge:

Appellant, Phillip Franklin Tarr, petitions this Court to reverse or modify his sentence

of three (3) years' imprisonment and a Two Hundred Fifty Dollar ($250.00) fine from his conviction of the offense of Cultivation of Marihuana, in violation of 63 O.S.Supp. 1976, § 2–509.

In seeking reversal or modification, the appellant alleges: (1) that the verdict is contrary to the law in the court's instructions; (2) error of the court in allowing into evidence statements made by the defendant during custodial interrogation; and, (3) that the verdict was excessive due to impassioned prejudice on the part of the jury. We disagree with appellant's contentions and must affirm.

Briefly stated, the facts are as follows. On September 19, 1976, at 11:00 a. m., the defendant was observed working in the garden behind his home at 207 N. Stockton in Ada, Oklahoma, by Officers Dennis Smith and Bob Linker of the Ada Police Department. The defendant was then arrested by both officers who immediately confiscated a total of 238 plants which were growing behind and to the side of the house. These plants were later shown to be marihuana by chemical analysis.

Later that same day, the defendant was taken to the squad room of the Ada Police Department for fingerprinting by Officer Jarrett Kelough. While being booked into jail, the defendant told Officer Kelough that the police were wasting their time because marihuana would soon be legalized; and had the arrest not taken place, he would have had enough marihuana to last all winter. The defendant concluded his statement by telling Officer Kelough that in the future he would grow his marihuana out in the country instead of in the city.

■ In his first assignment of error, the defendant alleges that the jury's verdict was not supported by the evidence. Initially, we note that no authority is cited in support of this proposition. In *Sandefur v. State*, Okl.Cr., 461 P.2d 954 (1969), we stated that mere assertions of error without supporting authority will not be reviewed by this Court except where the defendant has been deprived of fundamental rights. Further, we are of the opinion that there was competent evidence in the record upon which the verdict could be based. See, *Ryans v. State*, Okl.Cr., 420 P.2d 556 (1966).

■ Second, the defendant contends the trial court erred in admitting into evidence the defendant's inculpatory statements made to Officer Kelough since the defendant was not read his *Miranda* rights prior to the alleged conversation. It is uncontradicted that Officer Smith read the *Miranda* warnings to the defendant at 11:00 a. m. on the day of the arrest. We have previously held that there is no legal requirement that police officers stop a party from making a voluntary statement in order to advise him of his constitutional rights. *Parrott v. State*, Okl.Cr., 522 P.2d 628 (1974); *Johnson v. State*, Okl.Cr., 448 P.2d 266 (1968). In the instant case, we find the defendant's alleged statements appear to have been made in a purely voluntary manner. Officer Kelough had just informed the defendant that he was to be released on bail as soon as his picture and fingerprints were taken. No question was asked of the defendant which would call for an incriminating answer. Under these circumstances, we do not believe that this conversation constituted a custodial interrogation. Although in his direct testimony the defendant flatly denied making the statements attributed to him by Officer Kelough, this issue of credibility was properly determined by the jury. *Gomez v. State*, Okl.Cr., 567 P.2d 505 (1977).

■ Last, the defendant alleges that the sentence was excessive and due to the passions and prejudice of the jury. We note that 63 O.S.Supp.1976, § 2–509, ¶ 4, reads as follows:

"Knowingly violating the provisions of subparagraph 1 of this section is hereby declared, as to the owner, or person in possession of such lands, to be a felony and punishable as such by a fine of not to exceed Fifty Thousand Dollars ($50,000.00) and imprisonment in the State Penitentiary for not more than ten (10) years. . . . ."

Thus the punishment received by the defendant in this case was at the lower end of the range provided for in the statute. Under these facts it is not excessive.

Finding no error in this case which would warrant reversal or modification, the judgment and sentence is *AFFIRMED*.

BUSSEY, P. J., and BRETT, J., concur.