Aleck Jacob "Red" CARPITCHER, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–77–864.

Court of Criminal Appeals of Oklahoma.

Oct. 30, 1978.

Charles E. Grounds, Seminole, for appellant.

Larry Derryberry, Atty. Gen., Bill J. Bruce, Asst. Atty. Gen., Evan A. Douthit, Legal Intern, for appellee.

## OPINION

BRETT, Judge:

The appellant, Aleck Jacob "Red" Carpitcher, hereinafter referred to as defendant, was charged by information in Case No. CRF–77–14, with the offense of Shooting With Intent to Kill, pursuant to 21 O.S.Supp.1977, § 652. The jury found the defendant guilty, and punishment was set at ten (10) years in the custody of the State Department of Corrections. From the aforesaid judgment and sentence, the defendant has perfected a timely appeal to this Court.

On the afternoon of October 7, 1976, David Pierson, the victim of the shooting and Terry Groves were riding in an automobile in the town of Konawa, Oklahoma. Pierson testified that he and the defendant drove out into the country to settle an argument that had been brewing for quite a while. Pierson led the way followed by two cars, one carrying the defendant and a passenger, the other carrying the defendant's mother and three or four more passengers. Upon arriving in the country, Pierson stopped his car and got out. The defendant drove up behind and got out of his car with a .22 caliber rifle in his hand. The defendant and his mother approached Pierson's car, whereupon the defendant's mother accused Pierson of throwing a beer bottle at her car. Pierson then got back in his car when he observed that the defendant had a gun. As Pierson started his car, the defendant aimed the rifle and fired a shot which struck Pierson in the chest. The victim then drove to the Konawa Police Station where he reported the shooting.

The defendant in his first, second and fifth assignments of error contends that he was denied the right to be tried by a fair and impartial jury due to the fact that two

of the jurors in his trial had served as jurors in a prior trial on the same jury docket. In that prior trial, the defendant was called as a witness and was subjected to character impeachment. It is defendant's contention that the two common jurors became prejudiced against him as a result of the character impeachment in the prior trial.

An examination of the record reveals that the defendant failed to exhaust all of his peremptory challenges. In *Stott v. State*, Okl.Cr., 538 P.2d 1061 (1975), this Court held that where a defendant fails to exhaust all peremptory challenges he cannot be heard to allege on appeal possible bias of any juror.

The defendant in his third, fourth and sixth assignments of error contends that the trial court erred in not granting him a new trial for alleged jury misconduct. Specifically, it is contended that one of the jurors verbally expressed an opinion as to the defendant's guilt during a recess of the trial. At the motion for new trial, the only evidence offered in support of this contention was the testimony and affidavit of Robert Harjo, the defendant's uncle. Mr. Harjo testified that during the last recess before the jury's deliberation, he heard one of the juror's state to another juror, "I've got my mind made up. I'm going to find him guilty."

It is well established that in a criminal case where misconduct of the jury is alleged, if the misconduct occurred before the case is finally submitted to the jury, the burden is on the defendant to show that the alleged misconduct was prejudicial to him. See, *Muller v. State*, Okl.Cr., 456 P.2d 903 (1969), and *Parks v. State*, Okl.Cr., 457 P.2d 818 (1969). We must now determine whether or not the defendant presented sufficient evidence to meet this burden.

In *Pierce v. State*, Okl.Cr., 495 P.2d 407 (1972), there was an allegation of juror misconduct. In that case, we held that the defendant failed to sustain his burden to show that the alleged misconduct was prejudicial because defense counsel failed to ascertain which juror was allegedly guilty of misconduct. We are of the opinion that *Pierce* is controlling here and, accordingly, hold that where a motion for a new trial is predicated upon the alleged misconduct of a juror it is incumbent upon the defendant to identify the juror so that the trial court can determine if the misconduct actually occurred and if the defendant was prejudiced thereby. Where the defendant fails to identify the juror allegedly guilty of misconduct, he has failed to sustain his burden to show that the alleged misconduct was prejudicial.

In his seventh assignment of error, the defendant contends that the evidence was insufficient to support a finding of intent to kill, as required by 21 O.S.Supp. 1977, § 652. It is well established that where one is on trial charged with an offense the commission of which requires a specific intent, such intent may be proved by circumstantial evidence. See, *Minister v. State*, Okl.Cr., 505 P.2d 1362 (1973), and *Ryans v. State*, Okl.Cr., 420 P.2d 556 (1966). In the present case, the victim and an eyewitness to the shooting both testified that the defendant put the rifle to his shoulder and aimed before firing. These two witnesses further testified that after the victim had been struck by the first bullet the defendant fired at least one more shot at the retreating victim's automobile. Furthermore, the evidence is undisputed that there had been a great deal of ill feeling between the victim and the defendant, and that they had proceeded to the country to settle the matter once and for all. Finally, the evidence adduced at trial revealed that in the past there had been altercations between the defendant and the victim.

We are of the opinion that the State proved the defendant's intent by the foregoing circumstantial evidence and, accordingly, find this assignment of error to be without merit.

Having carefully considered the record and the assignments of error, we find that the evidence supports the judgment and sentence and, finding no merit to the as-

signments of error, we are of the opinion that the judgment and sentence appealed from should be *AFFIRMED*.

BUSSEY, P. J., and CORNISH, J., concur.