Charles Henry LOPEZ, Jr., Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–84–51.

Court of Criminal Appeals of Oklahoma.

April 29, 1986.

370

Robert M. Beck, Sp. Counsel, Appellant Public Defender's Office, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Hugh A. Manning, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Presiding Judge:

The appellant, Charles Henry Lopez, Jr., was tried by jury for the crimes of Burglary in the Second Degree and Assault and Battery With Intent to Kill, both After Former Conviction of Two or More Felonies, in the District Court of Comanche County, Case No. CRF–83–163. The jury returned verdicts of guilty on each count, and set punishment at thirty (30) and forty-five (45) years imprisonment. The trial court sentenced the appellant in accordance with the jury's verdict. From this judgment and sentence, the appellant has perfected his appeal to this Court. We affirm.

At approximately 6:40 p.m. on March 7, 1983, Jimmy Byrd returned to his furniture store in Lawton, after having been away from the store for some forty minutes. Prior to leaving the store, Mr. Byrd secured the door with a padlock. When he arrived at the store, he discovered the padlock was broken, and the door was open. He noticed that a shotgun was missing from its usual location. While searching the store, Mr. Byrd was confronted by the appellant, who jumped from behind a hideaway bed. After initially confronting Mr. Byrd with a screwdriver, the appellant picked up the shotgun, pointed the firearm at Mr. Byrd's face, and pulled the trigger. When the firearm failed to discharge, appellant clubbed Mr. Byrd with the weapon. The store owner was knocked unconscious, and received an injury to his head and a broken arm. Mr. Byrd was able to recognize appellant as a local resident, and knew appellant's last name was Lopez. He related this information to police. At trial, the appellant offered no evidence to contradict Mr. Byrd's testimony.

## I.

Appellant first contends the trial court erred in denying his oral motion for a continuance. The motion was based on the absence of alleged alibi witnesses. These witnesses had not been subpeonaed by the defense. We find no error in the trial court's ruling.

The procedural requirements of the motion for continuance are governed by 12 O.S. 1981, § 668. *See, also* 22 O.S. 1981, § 584. Section 668 requires that "[a] motion for continuance on account of the absence of evidence, can be made only upon affidavit, showing the materiality of the evidence expected to be obtained, and that due diligence has been used to obtain it, and where the evidence may be ..." Failure to comply with the requirements of section 668 is fatal to the motion. *Tate v. State*, 664 P.2d 1036 (Okl.Cr.1983). *See also Wright v. State*, 505 P.2d 507 (Okl.Cr. 1973). The record in this case reflects that no written motion or affidavits were ever filed in support of this request. We therefore hold that the oral motion was properly denied.

## II.

Next, appellant claims his motion for a directed verdict of acquittal was improperly disallowed by the trial court. The appellant maintains that the State failed to establish the essential element of intent necessary to support the charge. We disagree.

In all cases of second degree burglary, the State has the burden of establishing beyond a reasonable doubt that the accused entered the building "with [the] intent to steal any property therein or to commit any felony." *See* 21 O.S. 1981, § 1435.[1] However, appellant concedes that "[o]f necessity, the intent element usually is established by circumstantial evidence." *Brief of Appellant* at 9. *Accord Lyons v. State*, 516 P.2d 283 (Okl.Cr.1973). Intent may be circumstantially established by evidence of

---

1. Burglary is more fully defined by statute as:
   Every person who breaks and enters any building or any part of any building, room, booth, tent, railroad car, automobile, truck, trailer, vessel or other structure or erection, in which any property is kept, or breaks into or forcibly opens, any coin-operated or vending machine or device with intent to steal any property therein or to commit any felony, is guilty of burglary in the second degree.

acts committed in addition to the breaking and entering "which, [if] unexplained or uncontradicted, ... establish the unlawful intent if [they] be credited by the jury." *Smith v. State,* 62 Okl.Cr. 33, 69 P.2d 671, 673 (1937). We have held evidence that items have been disturbed in the course of the burglary, though not actually taken, supply a sufficient inference of unlawful intent. *See Heinrich v. State,* 482 P.2d 629 (Okl.Cr.1971). *See also Ryans v. State,* 420 P.2d 556 (Okl.Cr.1966). Furthermore, the appellant's actions after he has been detected may provide circumstantial evidence of criminal intent. *Cf. Long v. State,* 483 P.2d 762 (Okl.Cr.1971) (flight from burglarized store).

■ In this case, appellant had in his possession, at the time of his confrontation with Mr. Byrd, a shotgun belonging to the victim. Furthermore, after being discovered in the store, appellant brutally assaulted his victim, and attempted to shoot him in the face. This evidence, we believe, was sufficient to overcome the appellant's motion for a directed verdict, and to require submission of this case to the jury. This assignment of error is without merit.

### III.

■ In his third assignment of error, the appellant challenges the decision of the trial court to reject two requested defense instructions. We find this assignment of error is without support in the record, and further, is without a legal basis.

First, appellant maintains the trial court refused to define the term "circumstantial evidence," and rejected a requested instruction covering this topic. However, in Instruction No. 12, the trial court properly explained to the jury its duty in evaluating circumstantial evidence. This assignment of error is therefore wholly without merit.

■ Next, appellant claims the trial court erred in refusing to submit for the jury's consideration the lesser included offense of entering a building with certain intent. 21 O.S. 1981, § 1438.[2] We have previously held that a defendant is not entitled to an instruction on this lesser included offense if the evidence indicates the entry of the building was accomplished by force. *See Collums v. State,* 654 P.2d 1070, 1071–72 (Okl.Cr.1982). Our decision in *Collums v. State,* was based on the fact that illegal entry, as defined by section 1438, differs from other crimes in chapter 58 of Title 21 primarily in that breaking is not an element of the offense. *Id.* at 1072. Therefore, unless evidence is presented contesting the alleged breaking, no instruction should be given because the lesser offense is not supported by the record. *See, e.g., Parks v. State,* 651 P.2d 686 (Okl.Cr.1982).

■ The evidence in this case established that the door to the store had been closed and locked when Mr. Byrd left for dinner. On his return, he discovered the door had been forced open. Under the above authority, the requested instruction was properly denied.

### IV.

■ Appellant also maintains that the trial judge excluded relevant evidence of appellant's character during the punishment stage. However, trial counsel failed to make an offer of proof regarding what the evidence would have established, if admitted. The failure to make an offer of proof waived this error for purposes of appeal. 12 O.S. 1981, § 2104(A)(2). *Bowman v. State,* 585 P.2d 1373 (Okl.Cr.1978). It is impossible to review the trial judge's ruling without some indication regarding the relevance of the proffered testimony. This proposition is without merit.

### V.

■ Finally, appellant maintains he was denied a fair and impartial trial through

---

2. Section 1438 defines this offense as:
   Every person who, under circumstances not amounting to any burglary, enters any building or part of any building, booth, tent, warehouse, railroad car, vessel, or other structure or erection with intent to commit any felony, larceny, or malicious mischief, is guilty of a misdemeanor.

alleged cumulative errors which occurred during the proceedings. However, we have held that "if the previous assignments of error are without merit, it follows that the proposition which asks that the previous propositions be considered collectively would also be without merit." *Brinlee v. State,* 543 P.2d 744 (Okl.Cr.1975).

Accordingly, for the foregoing reasons, the judgment and sentence of the trial court is AFFIRMED.

BRETT and BUSSEY, JJ., concur.