Thompson MONROE, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–85–774.

Court of Criminal Appeals of Oklahoma.

Dec. 23, 1987.

Roger Wiley, Stipe, Gossett, Stipe, Harper, Estes, McCune and Parks, McAlester, for appellant.

Michael C. Turpen, Atty. Gen., and Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Judge:

The appellant, Thompson Monroe, was tried by judge after waiving a jury trial in Bryan County District Court, Case No. CRF–83–69, and convicted of three (3) counts of Unlawful Disposal of Encumbered Property (21 O.S.1981, § 1834), before the Honorable James R. Wolfe, Associate District Judge. Punishment was set at three (3) years. On appeal, we affirm.

On November 13, 1980, appellant secured a line of credit from the National Livestock Credit Corporation (NLCC). Appellant offered $102,000.00 worth of cattle as collateral, and signed a security agreement. In signing this agreement, the appellant purported to own two hundred fifty-three (253) head of cattle and agreed that the proceeds of any sales of the cattle would be turned over to the NLCC. NLCC filed lien searches and performed an inspection of the cattle, and determined that the appellant was eligible for a loan.

From November 13, 1980, to January 18, 1982, the appellant was extended credit by NLCC, the principal and interest totalling $164,064.88. When appellant failed to repay any of the borrowed money, NLCC became worried and began checking with appellant as to when they could expect repayment of the loan. NLCC again sought to inspect the cattle used as collateral. After repeated attempts to contact appellant, the loan officer of NLCC went to appellant's home. Appellant admitted that he did not own the majority of the cattle he had used as collateral. He also admitted that, in three separate sales, he had sold thirty-six head of cattle without remitting the proceeds to NLCC. NLCC then took charge of the remaining cattle and auctioned them in order to mitigate their losses. As of the time of trial, appellant had not repaid the debt.

 As the appellant's sole assignment of error, he alleges that there was insufficient evidence presented to prove actual intent to defraud. Appellant correctly states that specific intent to defraud is required in order to find him guilty of Unlawful Disposal of Encumbered Property under 21 O.S.1981, § 1834. *Hubbell v. State*, 585 P.2d 369, 375 (Okla.Crim.App. 1978). However, we are of the opinion that there was sufficient evidence presented to the judge to support a finding of intent to defraud.

It is well established that when one is being tried for an offense, the commission of which requires specific intent, such intent can be shown through circumstantial evidence. *Carpitcher v. State*, 586 P.2d 75, 77 (Okla.Crim.App.1978). In the present case, NLCC extended credit to the appellant based on the appellant's representation that he owned the cattle which he was using as collateral. The agreement between the two parties required that any sale proceeds be turned over to NLCC as payment on the debt. The record shows that, on three different occasions, appellant sold cattle, and withheld the proceeds without the consent of NLCC. He attempted to stall NLCC investigators when they tried to inspect the cattle a second time by avoiding them and making excuses as to the whereabouts of the missing cattle.

When a case is tried to a judge, after the defendant has waived a jury trial, and there are controverted questions of fact, the trial court's findings will not be disturbed on appeal if there is evidence which reasonably supports those findings. *Fox v. State*, 556 P.2d 1281, 1284 (Okla. Crim.App.1976). Because the evidence presented is sufficient to support the finding of intent to defraud, we find the appellant's assignment of error to be without merit. Accordingly, the judgment and sentence is AFFIRMED.

BRETT, P.J., and BUSSEY, J., concur.