**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 15 2001**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

FLOYD HASKELL JUMP, JR.,

      Petitioner-Appellant,

v.

GARY GIBSON, Warden of the
Oklahoma State Penitentiary,

      Respondent-Appellee.

No. 00-6350
(D.C. No. 99-CV-1499-A)
(W.D. Okla.)

---

ORDER AND JUDGMENT  *

---

Before **EBEL** , **KELLY** , and **LUCERO** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination

of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument. [1]

---

\* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1] On September 24, 2001, petitioner filed a motion for oral argument. The
motion is denied.

Petitioner Floyd Haskell Jump, Jr., appearing pro se, seeks a certificate of appealability (COA) to appeal the district court's denial of his petition for writ of habeas corpus under 28 U.S.C. § 2254. We deny his request for a COA and dismiss the appeal. [2]

I.

Mr. Jump and his co-defendant, Ray Newton Crabtree, were convicted in a joint trial in the District Court of McClain County, State of Oklahoma, of two counts of feloniously pointing a weapon and one count of kidnaping, robbery, and burglary in the first degree. In a second stage proceeding held pursuant to Okla. Stat. tit. 21, § 51(B), Mr. Jump and Mr. Crabtree were convicted of committing these offenses after former conviction of two or more felonies, and the court sentenced both defendants to consecutive forty-year terms of imprisonment on each count.

On direct appeal, the Oklahoma Court of Criminal Appeals (OCCA) reversed the two convictions for feloniously pointing a weapon and affirmed Mr. Jump's remaining convictions. Mr. Jump subsequently sought

---

[2] We previously entered a jurisdictional show cause order directing the parties to file briefs addressing the issue of whether Mr. Jump filed his notice of appeal in a timely manner. Having reviewed the parties' briefs, we conclude that this appeal was filed in a timely manner and that we have jurisdiction over the appeal.

post-conviction relief in the state district court. The court denied Mr. Jump's application for post-conviction relief, and the OCCA affirmed on appeal.

Pursuant to 28 U.S.C. § 2254, Mr. Jump then filed a petition for writ of habeas corpus in the United States District Court for the Western District of Oklahoma asserting the following grounds for relief: (1) he was denied a fair trial because he was not granted a severance and tried separately from Mr. Crabtree; (2) his due process rights were violated as the result of a variance between the kidnaping charge and the jury instructions at trial; (3) he was subjected to double jeopardy in violation of the Fifth Amendment and Oklahoma law because the burglary and robbery counts constituted a single offense; (4) his sentences were improperly enhanced because two of his prior convictions were part of a single transaction; (5) the sentences imposed were excessive; and (6) he was denied effective assistance of trial and appellate counsel. The magistrate judge recommended to the district court that Mr. Jump's habeas petition be denied. Mr. Jump filed objections to the magistrate judge's recommendations, but he only objected to the recommendations concerning his claims of denial of severance, double jeopardy, and ineffective assistance of counsel. The district court rejected Mr. Jump's objections and denied his habeas petition and application for a COA.

II.

Mr. Jump is seeking a COA on his claims of denial of severance, double jeopardy, and ineffective assistance of counsel. In order to receive a COA, Mr. Jump must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

1. Severance

"[W]hether the trial court erred in denying severance is generally a question of state law that is not cognizable on federal habeas appeal . . . [A] criminal defendant has no constitutional right to severance unless there is a strong showing of prejudice caused by the joint trial." *Fox v. Ward*, 200 F.3d 1286, 1292 (10th Cir.), *cert. denied*, 531 U.S. 938 (2000) (quotation omitted). Mr. Jump argues that he was prejudiced as a result of the state district court's refusal to sever because he and Mr. Crabtree asserted mutually antagonistic defenses to the charges of burglary and robbery. We disagree. [3]

---

[3] Mr. Jump also claims he was prejudiced by the joint trial because the jury was not specifically instructed regarding the evidence it was to consider as to each defendant, the jury did not make individualized findings of guilt, and he had to share peremptory challenges. These claims are without merit. First, Mr. Jump has failed to establish that there was evidence introduced at trial that could only be properly considered by the jury as to Mr. Crabtree. Second, the record reveals that the jury was in fact separately instructed as to each defendant on each separate offense, *see* Ex. F to Respondent's Resp. to Pet. for Habeas Corpus (Dist. Ct. Doc. No. 17), and that it made separate determinations of guilt for each defendant on each offense, *see* Trial Tr., Vol. II, at 439-42. Finally,

(continued...)

-4-

As we have previously recognized,

> Mutually antagonistic defenses are not prejudicial per se. In order to prevail on such a theory for severance, the defendant must show real prejudice, rather than merely note that each defendant is trying to exculpate himself while inculpating the other. Such actual prejudice is shown if the defenses are truly mutually exclusive, such that the jury could not believe the core of one defense without discounting entirely the core of the other.

*Id.* at 1293 (quotations and citations omitted).

The evidence at trial showed that only one of the defendants actually entered the house of the victim and physically committed the burglary and robbery, and the witnesses at trial provided conflicting identification testimony concerning whether the individual was Mr. Jump or Mr. Crabtree. Relying on the evidence that pointed to Mr. Crabtree as the individual who directly committed the burglary and robbery, Mr. Jump claimed at trial that Mr. Crabtree acted alone with respect to these crimes. In response to this accusation, Mr. Crabtree pointed out to the jury that the victim of the burglary and robbery identified Mr. Jump as the perpetrator of the crimes.

While undoubtably antagonistic, the antagonism between these defenses was insufficient to require severance. First, neither Mr. Jump nor Mr. Crabtree

---

[3](...continued)
because he is not challenging the impartiality of the jury, Mr. Jump's claim regarding peremptory challenges only raises state law issues, and it is not a proper basis for federal habeas relief. *See Fox*, 200 F.3d at 1293.

disputed that they were in the immediate vicinity of the victim's house at the time the burglary and robbery were committed. Second, the evidence established that the two men had acted in concert in committing a separate kidnaping immediately prior to the commission of the burglary and robbery and that they were subsequently apprehended together after attempting to flee in the truck that was stolen during the burglary and robbery. Based on this evidence, the jury could have reasonably concluded that, even if Mr. Crabtree was the one who directly committed the burglary and robbery, Mr. Jump acted in concert with him, and he acted knowingly and with criminal intent in instigating, promoting, or encouraging the commission of these crimes. Under Oklahoma law, this was sufficient to convict Mr. Jump of aiding and abetting the burglary and robbery. [4]

---

[4]    *See* Okla. Stat. tit. 21, § 172 ("All persons concerned in the commission of crime, whether it be felony or misdemeanor, and whether they directly commit the act constituting the offense, or aid and abet in its commission, though not present, are principals"); OUJI-CR (2d) 2-6 (defining "aiding and abetting" as acting "knowingly and with criminal intent . . . in instigating, encouraging, promoting, or aiding in the commission of [a] criminal offense"); *Spears v. State*, 900 P.2d 431, 438 (Okla. Crim. App. 1995) (holding that "only slight participation is needed to change a person's status from mere spectator into aider and abetter"); *Washington v. State*, 554 P.2d 819, 822 (Okla. Crim. App. 1976) (finding sufficient evidence to support conviction for aiding and abetting a burglary where there was evidence that either defendant or another individual committed the illegal breaking, defendant was placed at the scene of the crime, and defendant was found with stolen property after the crime); *Henson v. State*, 500 P.2d 859, 860-61 (Okla. Crim. App. 1972) (finding sufficient evidence to support conviction for aiding and abetting a burglary where, even though there was no evidence the defendant participated in the actual entry into the premises, the

(continued...)

In sum, Mr. Jump's defense to the burglary and robbery charges was only mutually exclusive of Mr. Crabtree's defense in terms of who directly committed the crimes, and the jury could have convicted Mr. Jump as a principal based on the aiding and abetting evidence standing alone. Consequently, Mr. Jump cannot show sufficient actual prejudice as a result of the denial of his motion to sever, and we deny his request for a COA on this issue. *Cf. Fox*, 200 F.3d at 1294 (holding that felony murder defendant did not suffer actual prejudice as a result of joint trial with co-defendant where, while each defendant tried to exculpate himself by inculpating the other in the actual commission of the murders, there was sufficient evidence to establish that both defendants participated in the underlying robbery, regardless of their relative culpability for the murders).

2. Double Jeopardy

The Double Jeopardy Clause of the Fifth Amendment "protects against multiple punishments for the same offense." *Cummings v. Evans*, 161 F.3d 610, 614 (10th Cir. 1998) (quotation omitted). However, this protection is limited to determining "whether [the] state legislature intended to prescribe cumulative punishments for a single criminal incident, [and] we are bound by a state court's

---

[4](...continued)
evidence showed that defendant had been operating a vehicle in the area of the burglary in a suspicious manner, and defendant offered no explanation for his suspicious behavior).

determination of the legislature's intent." *Id.* at 615. "In other words, if the highest state court determines that the legislature intended to punish separate offenses cumulatively, a federal habeas court must defer to that conclusion." *Id.*

The OCCA, the highest court on criminal matters in Oklahoma, *see Brecheen v. Reynolds*, 41 F.3d 1343, 1348 n.2 (10th Cir. 1994), has held that burglary and robbery are separate offenses under Oklahoma law and that cumulative convictions for both do not violate double jeopardy. *Taylor v. State*, 889 P.2d 319, 339 (Okla. Crim. App. 1995). [5] Accordingly, Mr. Jump is not entitled to a COA on his double jeopardy claim.

3. Ineffective Assistance of Trial and Appellate Counsel

The district court found that Mr. Jump procedurally defaulted on his claim that he received ineffective assistance of trial counsel by failing to raise it on direct appeal. Having determined that the requirements of *English v. Cody*, 146 F.3d 1257, 1264 (10th Cir. 1998) were satisfied, we deny Mr. Jump's

---

[5] In addition, Mr. Jump's convictions do not violate double jeopardy under the "same-elements test" of *Blockburger v. United States*, 284 U.S. 299, 304 (1932). Under *Blockburger*, multiple convictions do not violate double jeopardy if each offense requires proof of an element not contained in the other. *United States v. Dixon*, 509 U.S. 688, 696 (1993). Under Oklahoma law, different elements are required to prove burglary and robbery, *compare* Okla. Stat. tit. 21, § 1431 (setting forth elements of burglary in first degree) *with id.* § 791 (setting forth elements of robbery), and it is therefore not a violation of double jeopardy to charge a defendant with both crimes based on a single criminal episode. *Cannon v. State*, 827 P.2d 1339, 1342 (Okla. Crim. App. 1992).

request for a COA on this claim. Because he has failed to make a substantial showing that his appellate counsel's performance was deficient and prejudicial as required by *Strickland v. Washington*, 466 U.S. 668, 687 (1984) and its progeny, we also deny Mr. Jump's request for a COA on his claim of ineffective assistance of appellate counsel.

For the reasons set forth above, we find that Mr. Jump has not made a substantial showing of the denial of a constitutional right, and we therefore DENY his request for a certificate of appealability and DISMISS the appeal.

Entered for the Court

David M. Ebel
Circuit Judge